## CORBIN v. THE CITY OF DAVENPORT.

1. TAX SALE: PURCHASER. The purchaser, at an invalid sale of property by a city, for taxes, may recover of the city the amount of purchase money paid, with interest at the rate of six per cent, from the date of payment.

2. SAME: RATE OF INTEREST: DELINQUENT. The city does not take the place of the supposed delinquent tax payer, by an invalid sale; and is not liable to the purchaser for interest at the rate charged delinquents.

*Appeal from Scott District Court.*

THURSDAY, OCTOBER 13.

The material facts are presented in the opinion of the court.

*George S. C. Dow*, for the appellant.

*James T. Lane*, for the appellee.

WOODWARD, J.—By an agreed case it appears that on the 9th of May, 1856, lot 3 in block 14, in Davenport, was sold for the taxes of that year, due on the same. It was purchased by the plaintiff for the sum of $4,50, the amount due thereon. By the charter, one who redeems his lot which has been so sold, is to pay the amount for which it was sold, with fifty per cent per annum. This lot not being redeemed within two years from the sale, the mayor executed and delivered a deed to the purchaser. Afterward it was ascertained that the owner had fully paid his tax, and held a receipt therefor. This action is now brought to recover the sum paid by the purchaser, with interest, and the only question presented is, whether he is entitled to recover the fifty per cent per annum; or six per cent only, and from what time. The plaintiff claims the right to recover fifty per centum from the day of the sale. The defendant admits his liability to pay the purchase money back, and with six per cent, but from a demand only. The town does not take the place of

the supposed delinquent tax payer, and she is not liable for the fifty per cent. This is put upon a delinquent as a species of penalty, or rather, as a spur to the prompt payment of the taxes. Besides, the owner was *not* delinquent, and this would make a difference probably, if the town could be considered as in his place, under any circumstances.

The case is this. The city sold the lot when she had no right to do so. Consequently she has received the plaintiff's money without a consideration; this has failed and she is bound to repay. And why is not the city to pay interest from the time the money was received? The city was bound to know that she had no right to sell; the selling was her fault, and there is no plausible ground for holding that she may await a demand. In such a case the holding the money *any* length of time was, in the sense of the statute, unreasonable, as was the receiving it in the first instance. The court did not err in rendering judgment for the amount of the purchase money and interest at six per cent from the day of sale.

The case is not presented so as to raise the question upon the constitutionality of that part of the charter which provides that the owner shall pay the purchase money before he can contest the sale.

The judgment is affirmed.