BANCHETTI v. C. K. WILLIAMS & CO.

(Supreme Court, Trial Term, Monroe County. January 20, 1912.)

1. MASTER AND SERVANT (§ 265*)—INJURIES—BURDEN OF PROOF—NEGLIGENCE.
   In the absence of statute, the burden is upon an employé, suing his employer for personal injuries, to establish negligence and freedom from contributory negligence.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908; Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§ 250½*)—RETROACTIVE OPERATION.
   Laws 1910, c. 352, § 202a, amending the labor law, provides that, in an action by an employé to recover damages for negligence arising out of his employment, contributory negligence shall be a defense to be pleaded and proved by the defendant, and section 202 provides that the chapter has reference to actions to recover for injuries, or death resulting therefrom, received "after this act takes effect." Held, that section 202a does not apply to an action for injuries received before the statute was enacted; the section affecting a substantial right, and not merely a matter of procedure.
   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 250½.*]

Action by Giovanni Banchetti, as administrator of the estate of Pietro Amato, deceased, against C. K. Williams & Company. On plaintiff's motion for a new trial after verdict for defendant. Motion denied.

George Fort Slocum, for plaintiff.
Wile & Oviatt, for defendant.

CLARK, J. On the trial of this action defendant had a verdict, and plaintiff moved for a new trial. On the 14th day of September,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1909, plaintiff's intestate, while working for defendant undermining a bank of dirt, was injured by a portion of the bank falling on him, causing injuries from which he died. Plaintiff was appointed administrator of his estate on the 8th day of September, 1912, and this action for damages because of such death was commenced two days later.

[1] At the time the accident occurred, and when the cause of action, if any, accrued, it was incumbent upon plaintiff to establish the negligence of defendant and the intestate's freedom from negligence which contributed to the accident.

[2] Chapter 352 of the Laws of 1910, which went into effect on the 1st day of September of that year, contained a section (202a) which reads as follows:

"On the trial of any action brought by an employé or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant."

The court charged the jury, in substance, that plaintiff could not recover unless he proved not only the defendant's negligence, but the freedom of intestate from negligence which contributed to the accident. Counsel for plaintiff excepted to the charge as made, and asked the court to charge that the burden of proof of contributory negligence was upon defendant, and that request was declined for the reason that, when the accident occurred and the cause of action accrued, contributory negligence of the injured employé was not a defense to be pleaded and proved by the defendant, but, before the action could be maintained, plaintiff was obliged to establish by a fair preponderance of the evidence that the injured employé was free from contributory negligence.

Plaintiff now asks for a new trial, urging that this was erroneous for the reason that the change in the statute related merely to practice and procedure, and that the statute in force at the time the action was commenced should control without regard to what the law was with reference to contributory negligence at the time the accident took place.

I cannot agree with the learned counsel in this contention. This statute, which made contributory negligence a defense, should not be construed as retroactive in its operation, for the reason that the purpose to make it so is not expressed in the act, and it contains no language from which it can reasonably be implied that it was the legislative intent that the act should be other than prospective in its operation, and in the absence of such language it should be construed that the statute was to be prospective and not retroactive in its operation. 36 Cyc. 1205; N. Y. & O. M. R. R. v. Van Horn, 57 N. Y. 473; Bottjer v. Supreme Council, 78 App. Div. 546, 75 N. Y. Supp. 805, 79 N. Y. Supp. 684.

Although the section in question makes contributory negligence a defense (section 202a) it is merely a part of chapter 352 of the Laws of 1910, which amends the labor law in relation to an employer's liability, and it should be read in connection with section 202, which

plainly states that it has reference to actions brought to recover damages for injuries or death resulting therefrom, received "after this act takes effect." Section 202a, supra, was not a separate enactment taking effect September 1, 1910, but is a section of chapter 352 of the Laws of 1910, all of which went into effect on that date, and the sections should be read together. Adopting that view, it is perfectly plain that the legislative intent was that the act should have a prospective, and not a retroactive, operation.

This is not merely a matter of procedure, but affects a substantial right. When this accident occurred and the cause of action accrued, the rights of the parties were clearly defined; but, before defendant could be made to respond in damages, plaintiff's freedom from negligence was as much a part of his case to be established by a fair preponderance of the evidence as was the negligence of defendant, and it had an absolute right to rely on the law as it existed at the time of the accident, and to insist upon plaintiff's establishing intestate's freedom from negligence as a condition precedent to the maintaining of the action. If by legislation subsequently passed one of the very essential elements to be established by plaintiff in a case of this character, before the action could be maintained, could be removed, it impresses me that a substantial right of defendant which existed at the time the cause of action accrued would be improperly cut off and done away with. Defendant had a right to have the case disposed of according to the law as it existed at the time the accident occurred, and the cause of action accrued, without cutting off any of its rights. by legislation subsequently enacted.

This construction seems all the more reasonable when it is known that nothing in the act under consideration, either by express words or by implication, warrants the conclusion that it was intended that the section should have a retroactive instead of a prospective operation. The very fact that sections 202 and 202a of chapter 352 of the Laws of 1910 were enacted at the same time and took effect on the same date, and that by section 202 it plainly stated that it should apply to actions for damages for personal injury or death resulting therefrom received "after this act takes effect," shows clearly and conclusively that it was the legislative intent to have the entire act (chapter 352, Laws of 1910) have a prospective operation, and it would not be proper to single out any particular section of that act, and, because it does not say that it shall have prospective operation, assume that it was intended that it should have a retroactive operation. Reading the sections together justifies the conclusion that it was not intended to give to the legislation in question retroactive operation, and, if that is so, the charge complained of would seem to be proper.

Plaintiff also complains that the court erred in that portion of the charge referring to the assumption of risk, but I think the charge in that regard was substantially correct. Logerto v. Central Building Co., 123 App. Div. 840, 108 N. Y. Supp. 604.

The motion for a new trial must be denied.

Ordered accordingly.