## BON HOMME COUNTY v. BERNDT *et al.*

Laws 1895, Chap. 98, § 1, making the expenses incurred by a county in caring for an insane person a charge against his estate, where such insane person has no heirs within the United States dependant on said estate for support, does not violate Const. Art 3, § 23, prohibiting the legislature from granting to an individual, association or corporation any special privilege, immunity or franchise whatever, and Article 6, § 18, providing that no law shall be passed granting any citizen or class of citizens privileges or immunities which, on the same terms shall not equally belong to all citizens, since it is a general law, and makes no discrimination in favor of any person within the class designated.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Bon Homme county. Hon. E. G. Smith, Judge.

Action by Bon Homme county, S. D., against Friedrich Berndt and another. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*W. T. Williams*, State's Attorney, for appellant.

Where part of a statute is unconstitutional, the remainder will not be so declared, if the two are distinct and separable so that the latter may stand. Ritchie v. People, 46 Am. St. 315; Cooley Const. Lim. 5th Ed. 211; People v. Bull, 40 N. Y. 57; Cohn v. People, 41 Am. St. R. 304; Bailey v. State, 47 N. W. 208; Wadsworth v. Railroad, 36 Am. St. 321; McPherson v. Blocker, 31 Am. St. 587.

*Elliott & Stillwell*, for respondents.

The law raises no implied obligation to pay for treatment at charitable institutions in absence of a contract. Chap. 98, Session Laws, A. D. 1895; Jones Co. v. Norton, 60 N. W. 200; Montgomery v. Ristue 8 L. R. A. 451; Mongomery v. Guplor, 3 U. S. 447; Onida Co. v. Bartholomew, 31 N. Y. 106.

Services intended to be gratuitious at the time rendered cannot afterwards be used as basis of an implied promise to pay. Ramsey v. Ramsey, 121 Ind. 215.

A statute is wholly unconstitutional because it is in part unconstitutional where its purpose was to accomplish a single object, and its provisions are mutually connected and dependent on each other. Comm. v. Hitchens, 5 Gray, 482; Warren v. Mayor, 2 Gray, 84; Sutherland on Stat. Const. 189 1 Ed. 169; Railroad v. Railroad, 28 Kas. 453; Meshnuer v. State, 11 Ind. 482; People v. Porter, 90 N. Y. 68; People v. Alberton, 55

N. Y. 50; District v. City, 7 Iowa, 262; Campau v. Detroit, 14 Mich. 275; Allen v. Louisiana, 103 U. S. 80; Sparhawk v. Sparhawk, 116 Mass. 315; Reed v. Railroad, 33 Cal. 212; Jones v. Jones, 104 N. Y. 234; People v. Roberts, 62 Ill. 38; People v. Cooper, 83 Ill. 585; Heinze v. People, 92 Ill. 406; Lathrup v. Mills, 19 Cal. 513.

CORSON, J. This is an appeal from an order sustaining a demurrer to the complaint. It is alleged in the complaint that the defendant Friedrich Berndt is an insane person, mentally incompetent to manage his property, and has been such since the 16th day of January, 1889; that on the 22d day of January, 1889, the defendant Theodore Berndt was duly appointed guardian of the person and estate of the defendant Friedrich Berndt; that on the 16th day of January, 1889, defendant Friedrich Berndt was, and ever since has been, and now is, an unmarried person, and has no children or heirs within the United States dependant upon his estate for support; that on the 21st day of May, 1889, said Friedrich Berndt was, at the request of his guardian, the above named defendant Theodore Berndt, duly ordered to be taken to the hospital for the insane at Yankton, where he has ever since been, and now is, an inmate, receiving treatment and maintenance therein; that on the last-mentioned date said Friedrich Berndt had and owned property in Bon Homme county, in this state, consisting of 480 acres of farm land, of which he has ever since been, and now is, the owner in fee, and that said estate is unincumbered and is worth the sum of $7,000; that the plaintiff county has paid out for and on account of the defendant Friedrich Berndt, at the request of his guardian above named, for his care, treatment,

and support in the hospital for the insane since the 1st day of July, 1891, the sum of $1,568; that on the 28th day of January, 1898, the board of county commissioners of the plaintiff county instructed its county auditor to present to the defendant Theodore Berndt, guardian as aforesaid, a bill for the amount so incurred and paid out by the plaintiff for the treatment and maintenance of the said Friedrich Berndt at said hospital for the insane, and demand payment of such sum; that afterwards said county presented to said Theodore Berndt, as guardian, a duly verified bill for the amount so paid out and expended by this plaintiff, which said bill said defendant then and there refused to pay, wherefore this plaintiff demands judgment against said Friedrich Berndt and Theodore Berndt, as guardian, for the said sum, with interest at 7 per cent. from January 1, 1899, and that said Theodore Berndt pay to the plaintiff, out of the property, moneys, and credits in his hands as guardian, the said sum, with interest, besides the costs and disbursements of this action. To this complaint the defendants interposed a demurrer upon the ground, among others, "that the complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them."

Counsel for the appellant contends that under the provisions of an act entitled "An act providing for the reimbursement of counties for the expense of maintenance of insane persons in certain cases," approved March 11, 1895 (being Chapter 98, Laws 1895), the plaintiff is entitled to maintain this action. Section 1 of that act reads as follows: "The amount incurred by any county of this state for treatment and maintenance of any insane person in the hospital for the insane shall be a charge against the estate of such insane person: provided,

that the insane person has no heirs within the United States dependent on said estate for support, and that no real property shall be sold during the life of the insane person: and further provided, that no personal property shall be sold under five years from the date of the sending of such insane person to the asylum, unless by order of the court upon the death of the insane person or when such property is liable to deteriorate in value during the time above specified, and when sold as above the county judge shall safely invest the proceeds thereof for the benefit of the insane person." The facts as alleged in the complaint bring this case clearly within the provisions of the act, and this seems not to be controverted by counsel for the respondents, but they issist that the act is unconstitutional, for the reason that it does not make the estates of all insane persons liable, but only in exceptional cases viz. those named in the proviso, which reads as follows: "Provided, that the insane person has no heirs within the United States dependent on said estate for support,"—and granting immunity to every other insane person, and the privilege of treatment, etc., in the insane asylum free of expense, as provided by Chapter 68, Laws 1885 (being Section 248, Comp. Laws). They insist that said proviso is in conflict with Section 23, Art. 3, and Section 18, Art. 6 of the State Constitution. Section 23, Art. 3, reads as follows: "The legislature is prohibited from enacting private or special laws in the following cases * * * : (9) Granting to an individual, association or corporation any special or exclusive privilege, immunity or franchise whatever." In our opinion, the act of 1895 is not a private or special law, within the meaning of that section. It is a general law, in terms applicable to all persons within the

designated class, viz. those having no heirs within the United States dependent on such estate for support; and it does not grant or purport to grant to an individual, association or corporation any special or exclusive privilege, immunity, or franchise. Section 18, Art. 6, provides, "No law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations." The act of 1895 does not grant or purport to grant to any class of citizens privileges or immunities, which, upon the same terms, do not equally belong to all citizens.

It is certainly competent for the legislature to provide that certain insane persons, viz. those possessing estates with no heirs depending upon said estates for support, should be responsible for the expenses incurred in their care and treatment at the hospital for the insane, while another class of insane persons, viz. those having heirs dependent upon said estates for support, should be relieved from that liability. This court has often said that it will only declare an act of the legislature unconstitutional when it is clearly in conflict with some provision of the state or national constitution. If the question is in any manner doubtful, the doubt will be resolved in favor of the legislative action. The legislature, in the act referred to, divides insane persons, for the purposes of the act, into two classes; and it provides that persons belonging to the class having no dependent heirs shall be liable for their support at the hospital for the insane, and leaves in the second class insane persons having dependent heirs, who are not made so liable. It will be observed that all persons belonging to the first class are made liable. No discrimination is made as to

any person in that class.   Mr. Cooley, in his work on Constitutional Limitations, says: "Laws public in their objects may, unless express constitutional provision forbids, be either general or local in their application.  They may embrace many subjects, or one,.and they may extend to all citizens, or be confined to particular classes, as minors or married women, bankers or traders, and the like.  The authority that legislates for the state at large must determine whether particular rules shall extend to the whole state and all of its citizens, or, on the other hand, to a subdivision of the state, or a single class of its citizens, only.  *  *  *  If the laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply, and they are then public in character; and of their propriety and policy the legislature must judge."   Cooley, Const. Lim. (5th Ed.) pp. 482, 483.   The law in question, therefore, making no discrimination in favor of any person within the class designated, is clearly within the legislative power.   The legislature is constantly passing acts applicable to particular classes of persons, such as minors, married women, indigent and infirm persons having no means of support, and insane persons.   Will it be claimed that these laws are unconstitutional because all of the citizens of the state are not included, or because the classes are subdivided for proper reasons?   Can it be said that such laws grant to citizens, or a class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens? We apprehend not.   As we have seen, the law of 1895 makes all insane persons having no heirs dependent upon their estates equally liable to counties which may contribute to their

support as inmates of the hospital for the insane. It is true that it does not make all insane persons thus provided for liable, but this fact constitutes no objection to the law that could not be made to the law providing that minors over 14 may nominate their own guardian, while minors under that age are denied that privilege (Section 5984, Comp. Laws), or the law providing that counties shall relieve and support all poor and indigent persons when they shall stand in need thereof, while all other citizens must provide for their own support. Section 2143, Comp. Laws. Here it will be noticed that the class of indigent persons, only, is provided for, while other citizens are not entitled to be supported at the expense of the county. In the case at bar it might as consistently be claimed that privileges and immunities were granted to insane persons not granted to other citizens of the state, and that the law providing for their support is unconstitutional.

It is hardly necessary to pursue this discussion further, as the power of the legislature to provide laws applicable to particular classes of citizens is too well established to require the citation of authorities. If the law had provided that certain insane persons, not having heirs dependent upon their estates for support, should be liable, while other insane persons similarly situated should not be liable, of course the law would be objectionable, as conflicting with the provisions of the constitution, as there would be privileges and immunities granted to certain citizens which were denied to others similarly situated. But in this act the distinction between the two classes is clearly and wisely drawn. The legislature has very properly said that insane persons having no heirs within the United States dependent upon their estates for support should be

liable to reimburse the counties for moneys expended for their support and maintenance and, it is said, on the other hand, that insane persons having heirs dependent upon their estates for support shall not be liable. Such a law is clearly within the legislative power. We are unable to discover any provision in the constitution that inhibits such legislation, and it certainly seems just and proper that a single man having an estate valued at $7,000, should be required to rimburse the county for the expenses incurred in his support as an insane patient, while it might, on the other hand, be a great hardship to require one having a wife and dependent children to so contribute to his support in his unfortunate condition. We are of the opinion that the learned circuit court took an erroneous view of the law of 1895, and that it should have overruled the demurrer to the complaint. The order of the circuit court is reversed.