SWARTZ, Appellant, v. KINGSBURY COUNTY, et al, Respondents.

(267 N. W. 140.)

(File No. 7925.   Opinion filed May 14, 1936.)

*Warren & Eggen,* of DeSmet, for Appellant.

*E. F. Green,* of DeSmet, for Respondents.

PER CURIAM.   The situation here presented is similar in many respects to that in the case of Clark v. Board of County Commissioners, 64 S. D. 417, 267 N. W. 138, wherein opinion was this day filed, to which reference is made for applicable law. The only features distinguishing the two cases upon the facts are that the plaintiff in the instant case was a sheriff instead of a state's attorney and his claim for additional mileage allowance, so far as it concerned the fiscal year 1934, was filed prior to the last day

of March next succeeding after the close of the fiscal year (section 15, c. 79, Laws 1927, County Budget Law).

For travel upon official business during the period July 1, 1933, to January 1, 1935, plaintiff sheriff billed his county at the rates provided by chapter 70, Laws 1933, being 15 cents per mile on trips not exceeding 100 miles and on longer trips 15 cents per mile for the first 100 miles and 10 cents for each mile thereafter and 7 cents per mile for travel by train. At the time plaintiff was elected to office, his traveling expenses were fixed by section 5962, R. C. 1919, as amended by chapter 362, Laws 1921, as follows:

"For travelling expenses, for each mile actually and necessarily travelled, except by train, twenty cents; for travel by train for the first fifteen miles and return, twenty cents; for additional travel by train, in excess of fifteen miles and return, seven cents."

In February, 1935, plaintiff presented to his county a verified claim for $1,194.10, being the difference between traveling expense for the period July 1, 1933, to January 1, 1935, upon the basis of chapter 70, Laws 1933, which had already been paid to him, and the allowance for the same trips computed upon the basis of the 1921 law. The claim was rejected by the county commissioners and plaintiff thereupon instituted suit for recovery in the circuit court. To his complaint the county demurred that the facts were insufficient to constitute a cause of action, which demurrer was sustained, and plaintiff has appealed.

■■ It was urged in this case, as it was urged in the Clark Case, that the traveling allowance specified in the statute was "compensation" within the meaning of section 3 of article 12 of the Constitution of this state. We think, as pointed out in the opinion in the Clark Case, that it is not. It was further urged upon the argument of the instant case that payment for travel to the sheriff might well be deemed "compensation," even though similar payment to the state's attorney was not, because of the fact that the allowance to the sheriff was greater in amount, whence it was argued that at least part of the amount ought to be deemed remuneration for services rather than reimbursement for expenses. We are not able to agree with that contention. We think the legislative intent in each case was to make adequate re-

imbursement for traveling expense rather than to remunerate the officer. We are not able to say just why the Legislature may have believed that the allowance for traveling expense should be greater for the sheriff than for the state's attorney or other officers, but that is a question for the Legislature to determine unless they exceed the bounds of reason and we cannot say from the face of the statute that they have in this particular instance. As stated by respondent in its brief, "This court has held that fixing the amount of expense allowances is a legislative prerogative and if the amount fixed is at all reasonable, it cannot be revised by the courts."

The remuneration for the sheriff's services is fixed by other provisions of our law. See sections 5966, 5967, R. C. 1919. In this connection the learned trial judge commented as follows:

" 'Section 5966 of the 1919 Code provides for the annual report of sheriffs as to the amount of fees, salary and emoluments received by the sheriff for the year.

" 'Section 5967 of the 1919 Code provides the minimum salary a sheriff is to receive and in cases where the net receipts for the year are less than the minimum salary then the county is required to pay the sheriff the difference between the net receipts and the amount of the minimum salary. It is a well known fact that in no case has it ever been interpreted that the mileage of the sheriff should be taken into consideration in determining the amount of net proceeds of the sheriff for the calendar year. There is no provision in law requiring the sheriff to show what his actual traveling expenses are for the year. Consequently the traveling expenses of the sheriff have been considered by the court and public officials as a reimbursement to the sheriff for his expenses incurred in traveling in the performance of his duties as Sheriff. It would be almost impossible for a sheriff to make any report as to actual costs incurred in the discharge of his duties. A sheriff is required to travel at any and all times and to keep equipment ready to go whenever called upon in the discharge of his duties. He is subject to be called at any time of the day or night and must necessarily incur expenses for travel in the discharge of the duties of his office. He is required to travel in many and diverse places no matter what the conditions of the roads and

therefore no doubt the legislature took into consideration that it was nearly impossible for a sheriff to keep an accurate account of the expenses incurred in performing his duties and as a result they fixed a sum which they deemed reasonable and fair for reimbursement to the sheriff for expenses incurred by him.' "

█ We are of the opinion that the travel allowance provided by chapter 70, Laws 1933, is an expense reimbursement, as distinguished from a remuneration for services, for the sheriff as well as for the state's attorney, notwithstanding the differences in the amount thereof, and we are therefore of the view that this case must be controlled by the principles stated in our opinion in the Clark Case. It follows that the order appealed from must be and it is affirmed.

All the Judges concur.