CLARK, Respondent, v. BOARD OF COUNTY COMMISSIONERS, et al, Appellants.

(267 N. W. 138.)

(File No. 7916. Opinion filed May 14, 1936.)

G. F. *Sherwood*, of Clark, for Appellant.

*Ellsworth E. Evans,* of Watertown, and *S. W. Clark,* of Redfield, for Respondent.

CAMPBELL, J. Sterling H. Clark was state's attorney of Clark county from January 1, 1933, to January 1, 1935. During the first six months of that period, there was in effect section 6005, R. C. 1919, as amended by chapter 194, Laws 1927, which provided in part as follows:

"Where the states attorney or his deputy or special agent shall use his own automobile or conveyance, he shall be entitled to receive twenty (20) cents per mile for each mile so necessarily travelled, in lieu of all actual and necessary expenses."

The Twenty-third Legislature enacted chapter 70, Laws 1933, effective July 1, 1933, which, so far as material to this case, provides:

"All county officials * * * shall be paid for traveling expenses for each mile traveled in the discharge of their official duties at the rate of seven cents per mile."

Between July 1, 1933, and January 1, 1935, plaintiff as such state's attorney used his own automobile for traveling upon official business 6,372 miles. For this mileage he filed claims against the county at the rate of 7 cents per mile, which claims were duly allowed and paid and the money received and retained by plaintiff.

Section 3 of article 12 of the Constitution of this state provides in part as follows:

"Nor shall the compensation of any public officer be increased or diminished during his term of office."

Section 23 of article 3 of our Constitution provides in part:

"The legislature is prohibited from enacting any private or special laws in the following cases: * * * 11. Creating, increasing

or decreasing fees, percentages or allowances of public officers during the term for which said officers are elected or appointed."

It was formerly held by this court (Hauser v. Seeley [1904] 18 S. D. 308, 100 N. W. 437) that these constitutional provisions did not apply to county officers. On June 21, 1934, this court handed down a decision (State ex rel Lamm v. Spartz [1934] 62 S. D. 593, 255 N. W. 797) overruling the Hauser Case and holding in effect that elected county officers are "public officers" within the meaning and comprehension of the constitutional provisions above cited.

After the decision in the Spartz Case, and on July 25, 1935, plaintiff filed with the county auditor of Clark county a duly verified claim for the sum of $784.61, being the difference between 7 cents per mile and 20 cents per mile, or 13 cents per mile, for the 6,372 miles, he had driven his automobile upon official business as state's attorney during the period July 1, 1933, to January 1, 1935, less certain allowances for divers underpayments, overpayments, and deductions for hotel bills. Plaintiff predicated his claim upon the theory that, as to him, being already a duly elected and acting officer at the effective date of chapter 70, Laws 1933, said act was unconstitutional and void. His claim being rejected by the county commissioners of Clark county, plaintiff appealed to the circuit court where the matter duly came on for trial without a jury and findings, conclusions, and judgment were in favor of the plaintiff. From this judgment of the circuit court (and from the judgment only), defendant county commissioners have now appealed to this court.

The first question arising upon this appeal is whether or not the provisions of chapter 70, Laws 1933, are unconstitutional and void with respect to this respondent by virtue of the constitutional provisions hereinbefore cited or either of them. If it be determined that the 1933 law is unconstitutional with respect to respondent, it will then be necessary to decide whether or not respondent by his conduct in claiming and receiving 7 cents per mile for the travel involved has estopped himself from subsequently collecting a greater sum or has waived such rights as he might otherwise have had to the greater sum.

Incidentally it should be noted that appellant county commis-

sioners have not pleaded or argued in this case any question as to the possible applicability to the situation of the limitation imposed by section 15 of the County Budget Law (chapter 79, Laws 1927). Cf. Case v. Fall River County, 64 S. D. 375, 266 N. W. 728, opinion filed April 24, 1936. We refrain therefore from discussing that question.

■ Returning then to the constitutional question, it is to be observed that chapter 70, Laws 1933, is by its terms of general application throughout the state. It uniformly affects all persons of a legitimately constituted class and is applicable to and operates in every county of the state. It applies to "all county officials" with an exception applicable to all county sheriffs. Section 23 of article 3 of the Constitution prohibits the Legislature from enacting "any private or special laws" in the cases in said section referred to. It seems entirely clear that chapter 70, Laws 1933, is a general law as distinguished from a private law or a special law. Bon Homme County v. Berndt (1900) 13 S. D. 309, 83 N. W. 333, 50 L. R. A. 351; Alatalo v. Shaver (1922) 45 S. D. 163, 186 N. W. 872; Bon Homme County Farm Bureau v. Board of Commissioners (1928) 53 S. D. 174, 220 N. W. 618. It follows therefore that this act cannot be within the prohibition of section 23.

■ The question therefore narrows to whether or not the statute in question is void with respect to respondent by virtue of the provisions of section 3 of article 12 of the Constitution, providing that the "compensation" of any public officer shall not be increased or diminished during his term of office. We adhere to the holding of State ex rel Lamm v. Spartz, supra, to the effect that a constitutional county officer is a "public officer" within the meaning of this section of the Constitution. Consequently, there is left for determination in this connection only the question of whether or not the allowance for traveling expenses for each mile traveled dealt with by chapter 70, Laws 1933, is, in fact and in law, "compensation" of the officer doing such traveling.

■ It has long been the law of this state that if the state's attorney is required to go to another county or from one part to another part of his own county to transact official business, he shall be paid by his county the amount of his necessary expenses in transacting such business in addition to his salary. Section 6,

c. 43, Laws 1883, section 433, Comp. Laws 1887, section 938, Rev. Pol. Code 1903, section 6008, R. C. 1919. With the advent in use of the private automobile, it was provided by Chapter 398, Laws 1921, that when the state's attorney used his own automobile or conveyance for necessary travel on official business, he should be entitled "to receive the sum of Twenty (20c) cents per mile for each mile so necessarily traveled, in lieu of all actual and necessary expenses." This same language was continued by the provisions of chapter 194, Laws 1927. It is undoubtedly this same allowance of 20 cents per mile "in lieu of all actual and necessary expenses" that is intended to be reduced to 7 cents per mile "for traveling expenses for each mile traveled" by chapter 70, Laws 1933. We are of the opinion that this mileage allowance is just what it was stated to be in the statute where it originated, to wit, an allowance "in lieu of all actual and necessary expenses." It was not intended for the personal benefit of the officer or as remuneration for services or time, but was adopted by the Legislature as a method of computing the amount that should be paid to him to cover his actual and necessary expenditures upon official business instead of requiring the keeping of a precise record of all expenditures in detail, including the difficult problem of some sort of proper reimbursement for depreciation and wear upon the automobile used. We do not believe that this is "compensation" within the meaning of the constitutional provision. We regard that point as settled in the law of this state by the decision in State ex rel Payne v. Reeves (1921) 44 S. D. 568, 184 N. W. 993.

We are therefore of the opinion that chapter 70, Laws 1933, was constitutional and valid with respect to respondent. Consequently it becomes unnecessary to consider any questions as to waiver or estoppel, since respondent has already received all that he is entitled to receive for the travel involved.

The judgment appealed from is reversed and the cause is remanded with directions to the trial court to strike out finding of fact numbered V, and upon the remaining findings to enter conclusions and judgment in favor of defendant, dismissing the action pursuant to the views hereinbefore indicated.

All the Judges concur.