THE NEW YORK AND OSWEGO MIDLAND RAILROAD COMPANY, Appellant, *v.* SYLVESTER A. VAN HORN, Respondent.

A subscription to the capital stock of a corporation organized under the general railroad act (chap. 140, Laws of 1850) made after the formation of the corporation, is invalid where ten per cent of the amount subscribed has not been paid (§ 4); and in an action by the corporation against a subscriber to recover the amount subscribed, the latter is not estopped from denying such payment because of a statement in the subscription paper that ten per cent has been paid. A statute cannot be evaded by estoppel.

*It seems* such a subscription cannot be validated by a subsequent statute, as a statute thus attempting to make a binding contract between parties, where none previously existed, would be violative of the constitutional inhibition against depriving a person of property without due process of law. (State Con., art. 1, § 6.)

A legislative intent to violate the Constitution will not be assumed; nor will a law be so construed as to give it a retroactive effect where it is capable of any other construction. If all its language can be satisfied by giving it prospective operation only, that construction will be given it.

Accordingly, *held*, that the provision of the act of 1869 to facilitate the construction of the N. Y. and O. M. R. R., etc. (§ 2, chap. 84, Laws of 1869), providing that no subscription to the stock of the company shall be

| 57 | 473 |
| 111 | 60 |
| 57 | 473 |
| 155 | 81 |
| 57 | 473 |
| 159 | 369 |
| 57 | 473 |
| f163 | 232 |
| 57 | 473 |
| 171 | 2 53 |

invalidated or affected by reason of the non-payment of ten per cent thereof at the time of subscription, did not apply to prior subscriptions, but operated prospectively only.

(Argued January 16, 1874; decided May term, 1874.)

APPEAL from order of the General Term of the Supreme Court of the third judicial department, reversing a judgment in favor of plaintiff·entered upon the decision of the court at Special Term and granting a new trial.

This action was brought to recover a subscription of $200 alleged to have been made by defendant to plaintiff's stock.

The defence mainly relied on was, that ten per cent of the subscription had not been paid. The facts appear sufficiently in the opinion.

*M. J. Shoecraft* for the appellant. Defendant is estopped from denying or proving that he had not paid the ten per cent for the purpose of rendering his subscription void. (30 N. Y., 226 ; 39 id., 394 ; 18 How., 23 ; 50 Barb., 385 ; Herman's Law of Estoppel, 352, § 342 ; 4 Sand., 361.) The non-payment of the ten per cent did not render the subscription void, but voidable only. (*O. and C. R. R. Co.* v. *Wolley*, 1 Keyes, 118 ; S. C., 34 How., 54.) This payment would have rendered defendant's subscription valid. (*Beach* v. *Smith*, 30 N. Y., 131.) Chapter 84, section 2, of the Laws of 1869, fully cures any irregularity in reference to the subscription. (*Syr. City Bk.* v. *Davis*, 16 Barb., 188 ; *Button* v. *Palmer*, 1 Hill, 324 ; 17 How., 323 ; *Washburn* v. *Franklin*, 35 Barb., 599 ; 18 N. Y., 199 ; 13 Abb., 140 ; *Watson* v. *Mercer*, 8 Pet., 88 ; *Curtis* v. *Leavitt*, 15 N. Y., 9, 85, 254 ; *People* v. *Livingston*, 6 Wend., 526.) Such a law is not *ex post facto*. (*Carpenter* v. *Penn*, 17 How., 456 ; *Caldie* v. *Ball*, 3 Dall., 386 ; *Soc. for Prop. of Gospel* v. *Wheaton*, 2 Gall., 105, 138.) A law may be retrospective and not be *ex post facto*. (*Lock* v. *New Orleans*, 4 Wall., 172.) An act of the legislature setting aside a decree of a court and opening judgment would be valid. (*Caldie* v. *Ball*, 3 Dall., 386 ;

*Braddu* v. *Brownfield*, 2 W. & S., 271.)    The legislature
can pass laws affecting the time of the remedy as well as the
remedy on existing contracts. (*Mason* v. *Hale*, 12 Wheat.,
378; 4 id., 200–207; *Satterlee* v. *Mathewson*, 2 Pet., 413;
*Watson* v. *Mercer*, 8 id., 88, 110; 3 id., 280; 11 id., 420,
539; 11 How. [U. S.], 395; 7 id., 279; 1 Hill, 325; 3
Blatch., 275; 3 McL., 212.)

*C. Carskaddan* for the respondent.    The payment of ten
per cent of the subscription at the time of subscribing or
subsequently was necessary to make it legal and binding.
(1 R. S. [4th ed.], § 4, 1222; *R. R. Co.* v. *Mason*, 16 N. Y.,
451, 475, note; *B. R. and M. R. R. Co.* v. *Clarke*, 25 id.,
208, 210; 2 Pars. on Con., 707, note *a.*)    Chapter 84 of the
Laws of 1869, so far as it attempts to aid and cure defective
and void subscriptions, is unconstitutional and void. (1 Kent's
Com. [4th ed.], 419, § XIX; 454, § XX; *Givin* v. *Biddle*,
8 Wheat., 1; *Rosevelt* v. *Cibra*, 17 J. R., 108; *Matter of
Wendell*, 19 id., 153; 2 Pars. on Con., 707, note *a*, and cases
cited; Potter's Dwar. on Stat., 162.)    This act does not, in
terms, affect any previous subscription so far as the payment
of the ten per cent is concerned. (*Palmerly* v. *Conley*, 4
Den., 376, and cases cited; *Butler* v. *Palmer*, 1 Hill, 334;
*Sackett* v. *Andrews*, 5 id.)    The subscription is absolutely
void because of the condition contained therein. (*B. and O.
Turnpike* v. *Worth*, 1 Hill, 518; *Ft. Edwd. R. R. Co.* v.
*Payne*, 15 N. Y., 585; 18 Barb., 297; Laws 1850, chap. 140,
1 R. S. [4th ed.], § 4, p. 1222.)

Earl, C.    The defendant, in September, 1867, subscribed
for two shares of the stock of plaintiff, and agreed to pay the
sum of $200, the par value thereof, when called upon to do
so by plaintiff's directors.    The subscription paper contained
a declaration that he had paid down ten per cent at the time
of subscribing.    In fact, he never paid anything upon the sub-
scription, and the sole question for us to determine is, whether,
upon such a state of facts, the plaintiff can maintain this

action. It is provided in the general railroad act (Laws of 1850, chap. 140, § 4), that "at the time of subscribing, every subscriber shall pay to the directors ten per cent on the amount subscribed by him in money; and no subscription shall be received or taken without such payment." This provision was applicable to the plaintiff which was organized under that act. Under this provision, it has several times been decided that no subscription to stock of a railroad corporation made after the corporation was formed was valid or binding, until at least ten per cent of the amount had been paid. (*B. R. and M. R. R. Co.* v. *Clarke*, 25 N. Y., 208; *Beach* v. *Smith*, 30 id., 116; *Ogdensburgh, C. and K. R. R. Co.* v. *Wolley*, 1 Keyes, 118.)

It is claimed, however, by the plaintiff, that the defendant is estopped by the declaration contained in the subscription paper from denying that he had paid ten per cent upon his subscription. A statute cannot be evaded by estoppel. Plaintiff knew that the declaration was untrue when the subscription was made, and hence cannot claim to have the defendant concluded by it upon the doctrine of *estoppel in pais*. (*Shapley* v. *Abbott*, 42 N. Y., 443.)

Therefore, there would be nothing further for discussion if it were not for the act passed in 1869. (Chapter 84, Laws of 1869.) That act contains numerous provisions to facilitate the construction of the New York and Oswego Midland Railroad. Section 2 thereof is as follows: "No subscription now made, or which may hereafter be made, to the stock of said New York and Oswego Midland Railroad Company by any person, or by any town, city or village, through its commissioners or other officers, shall be invalidated, avoided, or in any manner affected by reason of any condition, stipulation or qualification in such subscription, when such condition, qualification or stipulation shall have been waived, complied with, or performed; nor shall any subscription to such stock be avoided, invalidated, or in any manner affected by reason of the non-payment of the ten per cent required by law to be paid at the time of making such subscription." It is claimed

by the plaintiff that the last clause of this section has a retro-
active effect, so as to render valid a subscription previously
made without the payment thereon of the ten per cent.  It
cannot have such effect, for two reasons : Previous to the
passage of this act the subscription was wholly invalid and
could not be enforced by either party.  If the effect claimed
be given to the act, it makes a binding contract between the
parties, where no contract previously existed, and, in effect,
takes $200 of the defendant's property and transfers it to the
plaintiff, a private corporation.  This no act of the legislature
could do.  It can never take the private property of one
individual, without his consent, and give it to another.
(*Matter of Albany Street*, 11 Wend., 148 ; *Matter of John
and Cherry Streets*, 19 id., 659 ; *Taylor* v. *Porter*, 4 Hill, 140 ;
*Varick* v. *Smith*, 5 Paige, 137 ; *Cochrane* v. *Van Surlay*,
20 Wend., 365 ; *Embury* v. *Conner*, 3 N. Y., 511.)  Such an
act comes in direct conflict with the constitutional provision
that "no person shall be deprived of life, liberty or property
without due process of law."

But this section should not be so construed as to give it
retroactive effect.  We must not assume that the legislature
meant to violate the Constitution.  It is always to be pre-
sumed that a law was intended, as is its legitimate office, to
furnish a rule of future action to be applied to cases arising
subsequent to its enactment.  A law is never to have retro-
active effect, unless its express letter or clearly manifested
intention requires that it should have such effect.  If all its
language can be satisfied by giving it prospective operation,
it should have such operation only.  (*Dash* v. *Van Kleeck*,
7 J. R., 499 ; *Berley* v. *Rampacher*, 5 Duer, 183 ; *Sayre* v.
*Wisner*, 8 Wend., 662 ; *Palmer* v. *Conly*, 4 Denio, 376 ;
*Calkins* v. *Calkins*, 3 Barb., 305 ; *Jackson* v. *Van Zandt*,
12 J. R., 168 ; *People* v. *Supervisors of Columbia Co.*, 10
Wend., 363 ; *Hackley* v. *Sprague*, id., 114.)  In *Dash* v.
*Van Kleeck*, Kent, Ch. J., says that, "we are to presume,
out of respect to the law-giver, that the statute was not
meant to operate retrospectively ;" and, that a "statute ought

never to receive such a construction, if it be susceptible of any other." In *Jackson* v. *Van Zandt,* Thompson, Ch. J., says: "It is a first principle in legislation that all laws are to operate prospectively." In *Sayre* v. *Wisner,* Savage, Ch. J., says: "A statute never ought to have such a construction as to divest a right previously acquired, if it be susceptible of any other giving it a reasonable object and full operation without such construction." The same learned judge says in *Hackley* v. *Sprague:* " All statutes are to be construed prospectively, and not retrospectively, unless they are otherwise incapable of a reasonable construction;" and in *The People* v. *Supervisors of Columbia County,* that "statutes are not to be construed retrospectively, unless they cannot have the intended operation by any other than a retrospective construction." In *Palmer* v. *Conly,* Jewett, J., says: "It is a doctrine founded upon general principles of the law, that no statute shall be construed to have a retrospective operation without express words to that effect, either by an enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning unless such a construction is adopted." In *Berley* v. *Rampacher,* Judge Duer says: "Although the words of the statute are so general and broad as, in their literal extent, to comprehend existing cases, they must yet be construed as applicable only to such as may thereafter arise, unless the intention to embrace all is plainly and unequivocally expressed."

The first clause of section 2, by its express terms, applies to existing and future cases, and cannot be satisfied without giving it retrospective as well as prospective effect. But every word of the last clause can have full effect if we give that clause prospective operation only. Such should, therefore, within the authorities above cited, be our construction.

The order should, therefore, be affirmed, and judgment absolute rendered against the plaintiff, with costs.

All concur.

Order affirmed, and judgment accordingly.