AMERICAN INV. CO. OF EMMETSBURGH V. COUNTY OF BEADLE.

1. In common acceptation of the term, one who buys land at tax sale is never a *bona fide* purchaser; and if his title fail, from any cause, he has no remedy against the municipality for whose benefit the land is sold, independent of a statutory provision affording him relief.

2. Under the rule of *caveat emptor*, which applies in absence of statutory relief, one who purchases at tax sale is bound to know, at his peril, that the supposed delinquent is, in truth and in fact, a delinquent; that he has been lawfully assessed, and has failed to make payment, —as the authority of the officer to sell is derived wholly from the statute, and is a naked power, with which no interest is coupled.

3. A statute providing for the repayment of taxes by a county to a purchaser at tax sale, in case the entry be canceled by the United States government after the land has been listed and assessed, and the same is by mistake sold for such taxes, will not be construed to be retroactive in its character and operation unless a legislative intention to that effect is clearly apparent from its recitals.

(Syllabus by the court.   Opinion filed May 28, 1894.)

Appeal from circuit court, Beadle county.   Hon. A. W. CAMPBELL, Judge.

Action by the American Investment Company, of Emmetsburgh, Iowa, against the county of Beadle, in the State of

South Dakota, a corporation.   From a judgment for defendant, plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*E. B. Soper* and *Horace Comfort* for appellant.

Taxes levied and assessed against land are void when the government afterwards cancels the entry.   Reynoids v. Plymouth Co. 55 Ia. 90;  Bronson v. Kukok,  3  Dillon (U. S. Cir.) 490;  Pitts v. Clay, 27 Fed 635.

If land be sold on which no taxes are due the purchaser or his grantee may recover the amount of his bid, with costs and interest.   German Am. Bk. v. White, 38 N. W. 361;  Roberts v. Hayes, 38 N. W. 364;  Corbin v. City, 9 Ia. 239;  Chapman v. Brooklyn, 40 N. Y. 380;  Supervisors v. Fitts,  63  Miss.  600; Wilson v. Butler Co., 42 N. W. 891;  1 Parson Cont. 2d Ed. 386; Colville v. Besly,  2  Denio 139;  Bank v.  Bank, 3 Cow. 230; Mowalt v. Wright, 1 Wend. 355; Wheadon v. Olds,  20  Wend. 174;  Waite v. Leggett, 8 Cow. 195.

Taxes illegally imposed and collected can be recovered from the municipality into whose treasury they have been paid.   Gillett v. Hartford, 31 Conn. 356;  Slack v. Norwich, 33 Vt. 818;  Preston v. City, 12 Pick. 7;  Boston and  Sandwich v. Boston, 4 Met. 181;  Dow v. Boston, 6 Gray 131;  Durwell Mfg. Co. v. Pawtuket, 7 Gray 277; Jaynor v. Third School District, 3  Cush. 567;  Shaw v. Beckett, 7 Id. 442; Toney v. Inhabitants, 21 Pick. 64;  Joy v. Oxford, 3 Greenleaf's Rep. 131.

*E. H. Aplin* for respondent.

The state has the right of taxation where the contract of purchase is  complete,  and  the  United  States holds only the naked legal title in trust for the purchaser.   Railroad v. Prescott, 16 Wall. 603; Id. v. McShane, 22 Wall. 444; Id. v. Rockne, 6 Sup. Ct. 201; Witherspoon v. Duncan; 4 Wall. 339; Carroll v. Safford, 3 How. 671;  Welton v. Merrick, 16 Neb. 83; Astrom v. Hammond,  3  McLean 107;  Carroll v. Perry,  4 Id. 25;  Providence Bank v. Billings, 4 Peters 514;  Charles  River  Bridge v.

Warren Bridge, 11 Id. 420; Foster v. Pierce, 17 N. W. 263; Billinger v. White, 5 Neb. 399; Bates v. York Co., 18 N. W. 81.

The principle of *caveat emptor* applies to a purchaser at tax sale. Blackwell Tax Titles, 3d Ed. 64; Hall's Heirs v. Humphrey, 3 Hammond 232; Denning v. Smith, 3 John. Ch. 344; Stead's Executors v. Course, 4 Cranch 403; Yancy v. Hopkins, 1 Munf. 431; Gaines v. Styles, 14 Peters 322; Allen v. Smith, 1 Leigh 231; Sullivan v. Davis, 29 Kan. 32; Lyon Co. v. Goddard, 22 Kan. 389; Horde v. Henderson, 17 Mich. 218; Goodman v. Sanger, 91 Pa. St. 71; Gates v. Lawson, 23 Grat. 12; 2 Desty 580; Jinks v. Wright, 61 Pa. St. 410; Rice v. Auditor, 30 Mich. 12; McWhinney v. Indianapolis, 98 Ind. 182; Hyde v. Supervisor, 43 Wis. 129; Hilgenberg v. Board, 8 N. E. 294; Cogburn v. Hunt, 56 Miss. 718; Worley v. Town, 11 N. E. 227; Sonoma Co. Tax Case, 13 Fed. 789; Sapp v. Commissioners, 20 Kan. 243; State v. Sasteel, 11 N. E. 219; Railroad v. Alexander, 4 S. W. 753; McCormack v. Edwards, 6 S. W. 32; Barber v. Evans, 27 Minn. 92; Flint v. Commissioners, 27 Fed. 850; Marion v. Otoe, 19 N. W. 479.

If purchaser's title is worthless he cannot recover from the officer, the owner or the municipality. Hamilton v. Valient, 30 Md. 139; Indianapolis v. Longdale, 29 Ind. 486; Bredin v. Commissioner, 87 Pa. St. 441; Harper v. Rowe, 53 Col. 233; Wilmerton v. Phillips, 103 Ill. 78; Packard v. New Limerick, 34 Me. 266; Lynde v. Melrose, 10 Allen 49; Loomis v. Los Angeles, 50 Cal. 456; Logansport v. Humphrey, 84 Ind. 467; Lyon Co. v. Goddard, 22 Kan. 389.

The payment of illegal taxes is a voluntary one and cannot be recovered. Budge v. Grand Forks 47 N. W. 392, Swift v. Poughkeepsie, 37 N. Y. 511; Phelps v. Mayor, 112 N. Y. 216; Bank v. Americus, 68 Ga. 119; Ramcler v. Athens, 66 Ala. 194; Welton v. Merrick, 20 N. W. 111; Railroad v. Dunriddy, 8 Sawyer 312; Peebles v. Pittsburg, 101 Pa. St. 304; Tyler v. Cass county, 48 N. W. 232; Desty on Taxation, 788; Cooley on Taxation, 805; Black on Tax Titles § 263; Waits Act. & Def. Vol. 4,

476; Younger v. Supervisors, 68 Cal. 241; Kraft v. Keokuk, 14 Ia. 86; Espey v. Fort Madison, 14 Id. 226; New York v. Marsh, 12 N. Y. 3C8; Walker v. St. Louis, 15 Mo. 563; Christys v. St. Louis, 20 Id. 143; Hospital v. Phil. Co., 24 Pa. St. 229; Phillips v. Jefferson Co. 5 Kan. 412; Waùbousee v. Walker, 8 Kan. 431; Corkle v. Maxwell, 3 Blatch 413; Elliott v. Swartout, 10 Pet. 137; Mills v. Hendricks, 50 Ind. 436; Smith v. Schroeder, 15 Minn. 35; Chicago v. Fidelity Bank. 11 Ill. Ap. 165; Turner v. Athens, 6 Neb. 54; McGehee v. Columbus 69 Ga. 581; McGuire v. State, 62 Mo. 344; Gaar v. Hurd, 92 Ill. 315; Thomson v. Morris 62 Ga. 538; Canal Co. v. New Orleans, 30 La. Ann. 1371; Moore v. Sweetwater, 2 N. J. 8; Solomon v. Township, 43 N. W. 990.

Fuller, J.   Plaintiff instituted this suit to recover certain taxes paid to defendant on a certain tract of land subse · quent to the cash entry thereof under the United States land laws, and prior to the cancellation of said entry by the commissioner of the general land office, which, including taxes subsequently paid, and interest upon the sums thus paid from year to year, amount to $104.91.   The complaint discloses the above and following state of facts:   On the 29th day of March, 1884, one D., a pre-emptioner of the land described in the complaint, made proof before the proper officers at the United States land office, and paid the sum of $200, as required by law, receiving the usual receipt therefor, and immediately mortgaged said land to secure the payment of a loan of $300, which mortgage was sold and assigned from time to time, and on the 1st day of June, 1889, the same was sold and transferred to the plaintiff.   D. allowed the taxes assessed for the year 1886 to become delinquent, and the property was sold at tax sale on the 4th day of October, 1887, for the full amount of said taxes and costs; and the certificate of purchase became the property of the plaintiff, by assignment, on the 4th day of February, 1890.   Plaintiff's assignors paid subsequent taxes

for 1887 and 1888, and the taxes again became delinquent for
the year 1889, and the property was sold therefor on the 6th
day of November, 1890, and the certificate of purchase was
assigned to plaintiff, who subsequently, and on the 21st day of
February, 1891, paid the taxes assessed for the year 1890; and
the several sums so paid, including interest thereon at 12 per
cent per annum from the several dates of the respective pay-
ments, amounts, in the aggregate, to the sum of $104.91.   The
complaint is in the usual form, and contains a plain and con-
cise statement of the above facts.   The defendant demurred to
the complaint on the ground that the same does not state facts
sufficient to constitute a cause of action.   From an order sus-
taining the demurrer the plaintiff appeals to this court.

It is urged by counsel for appellant that the complaint
states facts which, if proved, are sufficient to entitle plaintiff
to recover, under the provisions of section 112, c. 14, Laws
1891, which was approved and took effect March 9, 1891, and
is amendatory of section 1629 of the Compiled Laws, and is as
follows:   "When by mistake or wrongful act of the treasurer,
land has been sold on which no tax was due at the time, the
county is to save the purchaser harmless by paying him the
amount of principal and interest at the rate of twelve per cent
per annum, from the date of sale, and the treasurer and his
sureties shall be liable for the amount to the county on his
bond, or the purchaser may recover the same directly from
the treasurer.   Where, after a tract of land has been listed
and assessed; the entry becomes cancelled by the United States
government, and a sale thereof for taxes shall have been made
by the treasurer by mistake to an innocent purchaser, the
county shall repay to such purchaser the amount paid together
with twelve per cent interest per annum."   This case arose
before the passage and approval of the above statute, and there
is nothing in its terms to indicate that the legislature intended
to require a county, in case of a cancelled entry, to reimburse
a purchaser, or one standing in his place, who had bought land

at tax sale prior to the enactment of the law; and, if it should be found that plaintiffs right to recover depends alone upon such statute, the ruling of the trial court cannot be disturbed. A statute of this kind will not be construed to be retroactive in its character and operation unless a legislative intention to that effect is clearly apparent from its recitals.   Cutting v. Taylor (S. D.) 51 N. W. 949; Tyler v. Cass Co., 1 N. D. 369, 48 N. W. 232; Black, Tax'n, 480.   From Sutherland on Statutory Construction, at page 519, we quote the following: "There has not been, perhaps, a distinguished jurist or elementary writer, within the last two centuries, who has had occasion to take notice of retrospective laws, either civil or criminal, but has mentioned them with caution, distrust, or disapprobation." It seems to be a general rule, at common law, laid down by the text writers and applied by the courts, that one who buys land at a tax sale is never a *bona fide* purchaser, and that if his title fail for any reason, he has no remedy against the municipality for whose benefit the land was sold, independent of a statutory provision affording him relief.   The authority of the officer to sell at tax sale is derived wholly from the statute, and is a naked power, with which no interest is coupled.   The rule of *caveat emptor* applies with all its force to a purchaser at such sale, who pays his money voluntarily, with the expectation of procuring the property at a grossly inadequate price, or of securing an exhorbitant profit upon the investment in case the property is redeemed.   Knowing that tax titles are to some extent uncertain, and that they usually depend upon numerous contingencies, he engages his means in the speculation, and assumes the liability of having his title prove to be worthless; and in that event he cannot, in the absence of a statute, recover the amount he has paid, in an action against the county.   Cooley, Tax'n, 476-553; Blackw. Tax Titles, 1005; Harper v. Rowe, 53 Cal. 233; State v. Casteel, 110 Ind. 174, 11 N. E. 219; Sullivan v. Davis, 29 Kan. 28; Espy v. Ft. Mad-

ison, 14 Iowa 226; Wilmerton v. Phillips, 103 Ill. 78; Barber v. Evans, 27 Minn. 92, 6 N. W. 445; McCormick v. Edwards, 69 Tex. 106, 6 S. W. 32; Lynde v. Melrose, 10 Allen, 49; Jenks v. Wright, 61 Pa. St. 410; Rice v. Auditor General, 30 Mich. 12; Sonoma Co. Tax Case, 13 Fed. 789; Budge v. City of Grand Forks (N. D.) 47 N. W. 390; Tyler v. Cass Co. (N. D.) 48 N. W. 232; Hyde v. Supervisors, 43 Wis. 129.   In Wilmerton v. Phillips, *supra,* it is said that "purchasers at tax sales, while availing themselves of the opportunity of obtaining highly remunerative profits on small investments, are bound to know, at their peril, when purchasing at tax sales, that the supposed delinquent is in truth and in fact a delinquent—that he has been lawfully assessed, and has failed to make payment." From Sullivan v. Davis, *supra,* we quote the following:   "Except as limited and qualified by express statutory provisions, the rule of *caveat emptor* applies to all purchases at tax sales; and, if the public has nothing to sell, the purchaser gets nothing."   In Lynde v. Melrose, 10 Allen 49, the court says: "There is a marked distinction between the right of a person to recover from the town the amount of a tax unlawfully assessed upon him, and the claim of the purchaser under a collector's deed, whose title proves defective.   The town is not a party to the deed.   The purchaser is a mere volunteer in the payment of the tax.   He has the same means of knowing whether it is legally assessed that the town has.   He buys his title without warranty,   *   *   *   for which he has paid what he thought the chance was worth.   His speculation may prove very profitable, or wholly unproductive; but no one has taken his property without his consent, or with any contract, express or implied, to reimburse him if his bargain prove a losing one." The case of Corbin v. Davenport, 9 Iowa 239, being one of the cases upon which the defendant and respondent relies, was a case tried upon an agreed state of facts, in which the defendant admitted that it had collected and received a double taxation; and it was further admitted that defendant was liable,

under its charter, to repay the plaintiff, with 6 per cent interest. The only issue before the court was whether plaintiff was entitled to recover upon the money he had paid, as taxes upon property on which the taxes had already been paid, 50 per cent or 6 per cent per annum, and the case in no manner assists in the determination of the questions before us. Counsel has called our attention to no well-considered case, so far as we have been able to examine, which holds, in the absence of a statutory provision, that one who steps in as a volunteer, and pays the taxes assessed against the property of another, or buys such property at tax sale, can, in case of the failure of the title, recover from the municipality for whose benefit the property was sold; and, if the cases cited supported the doctrine for which counsel contends, we would still be disposed to adopt the other rule. It is not claimed that the property purchased at tax sale, upon which respondent and his assignors paid taxes, was sold through the mistake or wrongful act of the treasurer, or that plaintiff's title failed by reason of any act or omission on the part of the defendant county; and it would violate a rule of sound public policy to hold, in the absence of a statutory provision, that one who voluntarily pays taxes upon the land of another, or purchases such land at tax sale, can recover from the county, in case his title fail from any cause, after the money so received has been distributed to the several funds, and applied to the use and benefit of the public. Section 112, c. 14, Laws 1891, cannot be viewed retrospectively, and is not applicable to this case. Plaintiff and its assignors invested their money in a legitimate and usually profitable undertaking, but one in which the doctrine of *caveat emptor* is rigidly applied. The judgment for defendant on the demurrer is affirmed.