AMERICAN INV. CO. OF EMMETSBURG, IOWA, v. THAYER, County Treasurer.

1. Statutes will not be given retroactive effect unless such intent upon the part of the legislature is very clearly expressed.

2. Both because such intent is not therein clearly expressed and because it is doubtful if the legislature has power to create a legal liability out of a past transaction from which none arose at the time of its occurrence, *held*, that chapter 161 of the Laws of 1893, directing county treasurers to refund to the holder and owner of tax-sale certificates for real property not liable for taxation, does not apply to sales made prior to its enactment.

(Syllabus by the Court. Opinion filed, May 11, 1895.)

Appeal from circuit court, Hyde county. Hon. HOWARD G. FULLER, Judge.

Petition for a writ of mandamus. From an order sustaining a demurrer to the petition, petitioner appeals. Affirmed.

The facts are stated in the opinion.

*Horace Comfort*, for appellant.

*Geo. L. F. Robinson*, for respondent.

Persons investing their funds in the open market take the risks and profits of their investment correlatively. Sullivan v. Davis, 29 Kan. 28; City v. Humphrey, 84 Ind. 467; McWhinney v. Indianapolis, 98 Ind. 182; Rice v. Auditor, 30 Mich. 12; Loomis v. Los Angeles, 59 Cal. 456; Hyde v. Supervisors, 43 Wis. 129.

KELLAM, J. This is an appeal from an order of the circuit court for Hyde county refusing a mandamus requiring the treasurer of said county to refund the amount of a certain tax-sale certificate and subsequent taxes paid by appellant. The taxed land was entered in 1884 by one Hoggatt, but his entry was subsequently cancelled by the commissioner of the general land office in 1890. The land was sold for the delinquent taxes of 1885. The appellant, becoming the owner of the sale certificate, paid the subsequently accruing taxes up to and including the taxes of 1889. Its claim to have the amount so paid refunded rests upon chapter 161 of the Laws of 1893. It reads as follows: "Whenever real property not liable for taxation shall have been sold for taxes, and the certificate thereof is void, the county treasurer of the county where such sale was made, shall refund to the holder and owner of such certificate, the amount paid to the county for the same." The only question in the case is this: Does this law of 1893 authorize or require the county treasurer to refund moneys so paid to the county prior to the taking effect of the law, or, in other words, is such law retroactive?

It is a well established rule that statutes will not be given retroactive effect unless such intent upon the part of the legislature is very clearly expressed. In Suth. St. Const. § 406, the author says such laws "may be valid, but there is always a strong leaning against giving them a retrospective operation." "Such laws are

looked upon with general disfavor." See, also, Cutting v. Taylor, 3 S. D. 16, 51 N. W. 949; American Inv. Co. v. Beadle Co. (S. D.) 59 N. W. 212. And again, in section 481, it is said that even remedial statutes will not be allowed to impose new duties or liabilities in respect to past transactions, unless the intention to do so is clearly expressed. As a question of grammar, the phraseology of this law may include tax sales made prior to its passage; but the language used is entirely consistent with an intention that it should only be prospective in its operation, and a law will not be so construed as to give it a retroactive effect when it is capable of any other construction. Railroad Co. v. Van Horn, 57 N. Y. 477; U. S. v. Heth, 3 Cranch, 413; Chew Heong v. U. S., 112 U. S. 559, 5 Sup. Ct. 255; Dash v. Van Kleeck, 7 Johns. 499; Maxwell v. Bridge Co., 46 Mich. 278, 9 N. W. 410; Frasier v. Town of Tompkins, 30 Hun. 168. Uninfluenced by other considerations, we should say that the intent to make the law retroactive is not so clearly indicated as to overcome the general presumption that statutes are intended to be prospective only. The liability of the county to so refund is statutory. Prior to the passage of this law there was no such liability, and the authority of the legislature to create a legal liability out of a past transaction which at the time raised no liability is so doubtful as to strongly argue against the intention of the legislature to attempt it. That it is not within the power of the legislature to create a legal liability out of a past transaction for which none arose by the law as it stood at the time of its occurrence, see Suth. St. Const. § 480, and cases there cited. We think the circuit court properly sustained the demurrer to the petition, and denied the mandamus, and its order is affirmed.

FULLER, J., took no part in this decision.