FEDERAL FARM MORTGAGE CORPORATION, Appellant
v. NOEL, et al, Respondents

(285 N. W. 871.)

(File No. 8206.   Opinion filed May 24, 1939.)

*Matthew C. Cunningham,* of Highmore, and *Otto A. Gruhn,* of Omaha, Neb., for Appellant.

*C. E. Noel,* of Highmore, for Respondents.

RUDOLPH, J. Plaintiff commenced this action at law to recover a deficiency resulting from the sale of mortgaged property. The foreclosure was conducted by advertisement under a power of sale contained in the mortgage. The defendants filed an answer, and alleged in part substantially the following facts: That at the sale which was held at 10 o'clock in the morning there were no bidders other than the plaintiff, who at the time was the holder of the obligation secured by the mortgage; that in the immediate vicinity of this land and throughout the entire state there existed an agricultural depression which had driven land values to abnormally low figures; that there was no demand for agricultural land because of the depression, and because of this fact competi-

tive bidding at the sale was wholly lacking; that the general depressed condition of agriculture had caused many loaning agencies to refuse to loan any money upon real estate, and there was no opportunity to refinance the obligation; that the said land was reasonably worth not less than $1400, and was bid in by the plaintiff at $568.01; "that the plaintiff, well knowing these conditions existed and that by setting the time of sale at an early hour in the morning, there was less apt to be any competitive bidding, took advantage of the defendants and the existing conditions by bidding said property in at far less than its reasonable market value; that the plaintiff failed to act fairly and in good faith at said foreclosure sale; that the price bid was wholly inadequate, unwarranted, inequitable and not made in good conscience." The trial court overruled a demurrer and plaintiff has appealed.

■ Just what the power of the court would be, had the defendants upon the facts alleged in the answer brought an action to vacate the mortgage foreclosure, we need not now determine; neither need we determine the power of the court, had the same facts been disclosed in an action brought to foreclose the mortgage. As stated at the outset, this is an action at law based upon the note to recover the deficiency remaining due upon the note after applying thereon the proceeds of the foreclosure sale. Section 2885, R. C. 1919, as amended by Chapter 222, Laws of 1923. The foreclosure proceedings were not void but at the most voidable. It is the law that the sale may be conducted at any hour designated in the notice between 9 o'clock a. m. and 5 o'clock p. m. Section 2881, R. C. 1919. So far as disclosed by this answer the sale was open and fairly conducted. The allegation that the plaintiff failed to act fairly and in good faith is a conclusion of the pleader and adds nothing to the facts that are set forth. The allegation that the price paid at the sale was inadequate and worked an injustice to this defendant is no defense to an action brought to recover the deficiency. This court held in the case of Hollister v. Buchanan, 11 S. D. 280, 77 N. W. 103: "It is no defense to an action to recover a deficiency due on a note after foreclosure of a mortgage securing the same that the property was purchased at the sale at a price so inadequate as to work injustice, since the sale was not void, but voidable only, on direct motion of an interested party to set it aside."

Whether the allegations of the answer would be sufficient upon which to vacate the sale had the defendants offered to do equity on their part, such as was the situation in the case of Lipsey v. Crosser, 63 S. D. 185, 257 N. W. 125, we express no opinion. We simply hold that the facts here alleged would not constitute a defense prior to the passage of Chapter 208, Laws of 1937.

Defendants rely upon Chapter 208, Laws of 1937, which is, as follows: "When any sale of real estate has been made by a mortgagee, trustee or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured, becomes the purchaser and takes title, either directly or indirectly before such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall be entitled to any deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, he shall first establish to the satisfaction of the court in which such action for a deficiency judgment is pending, that the property covered by such mortgage sold at foreclosure sale for its true market value at the time of such sale, and in adjudging any such deficiency the court in arriving at the amount of such judgment shall deduct from the amount of the mortgage indebtedness remaining unsatisfied after the sale of the mortgaged property, the true market value of said property at the time of such sale; provided, that this Act shall not affect nor apply to the rights of other purchasers or of innocent third parties, nor shall it be held to affect or defeat the negotiability of any note, bond or other obligation secured by such mortgage, deed of trust or other instrument; provided, further, that this Act shall not apply to foreclosure sales made pursuant to an order or decree of court nor to any judgment sought or rendered in any foreclosure by action, nor to any sale heretofore made and confirmed."

This act did not become effective until July 1, 1937. The pleadings disclose that the mortgage foreclosure sale here involved was held in April 1937, prior to the effective date of the act. The language of the act is, "when any sale of real estate has been made." This language might be broad enough to refer to sales made before the effective date of the act but it is a fundamental rule of statutory construction that all statutes are to be construed

as having only a prospective operation unless the purpose and intention of the legislature to give them retrospective effect clearly appears. American Inv. Co. v. Beadle County, 5 S. D. 410, 59 N. W. 212. The rule is stated in the case of American Inv. Co. v. Thayer, 7 S. D. 72, 63 N. W. 233, 234, as follows: "As a question of grammar, the phraseology of this law may include tax sales made prior to its passage; but the language used is entirely consistent with an intention that it should only be prospective in its operation, and a law will not be so construed as to give it a retroactive effect when it is capable of any other construction."

Prior to the passage of this law of 1937 the mortgagee (so far as concerns an action to recover the deficiency) could purchase the property at such price as he elected, the sale price to be applied on the note secured by the mortgage, and the note retained by the mortgagee, upon which note the mortgagee had a right of action against the mortgagor. The authority of the legislature to deal with this right of action which had become vested under existing law in the manner in which it is dealt with by the 1937 law, should that law be given retrospective effect, is so doubtful as to strongly argue against the intention of the legislature to attempt it. We do not believe the legislature intended this act to apply to mortgage sales made before the effective date of the act and so hold.

We have considered respondents' other contentions, and find them without merit.

The order appealed from is reversed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, P. J., absent and not sitting.