## In re SADLER'S ESTATE
## HAMLIN COUNTY, Respondent, v. SADLER, Appellant
### (38 N. W.2d 879.)

(File No. 9031.   Opinion filed August 23, 1949.)

**Andrew E. Foley, Edward P. Gribbin, Edwin G. Brown, Jr.,** Watertown, for Defendant and Appellant.

**Ralph W. Arneson,** State's Atty. of Hamlin County, Hayti, and **F. J. Benthin,** Hayti, of counsel, for Plaintiff and Respondent.

SMITH, P.J.   Except for an interval of a few months, Peter Sadler was a patient in Yankton State Hospital, pursuant to a commitment by the insanity board of Hamlin County, from March 5, 1896 until his death January 27, 1945.   In this proceeding Hamlin County seeks reimbursement for its statutory expenditures for the maintenance and treatment of deceased at the state hospital.   The claim of the county was disallowed in part by the administratrix, but was allowed in full by the county court.   On appeal to the circuit court the order of the county court was affirmed.   The administratrix has appealed.   The issue on appeal deals solely with the propriety of the allowance of reimbursement for county expenditures made prior to July 1, 1913 in the principal sum of $3,325.87.   A background of legislative

history and a review of some of our decisions is essential to an understanding of the contentions of the parties.

The policy adopted when the state hospital was established was that all residents of the Territory committed thereto should "receive their board, tuition and treatment free of charge." § 248, Compiled Laws of 1887. But by Ch. 79, Laws of 1891, the expense of the care and keep of a patient was made a charge upon the county sending such patient to the hospital. This provision as amended has been carried forward as SDC 30.0213. By Ch. 98, Laws of 1895, it was provided: "The amount incurred by any county of this state for treatment and maintenance of any insane person in the hospital for the insane shall be a charge against the estate of such insane person. * * *" This provision was carried forward as § 544, Political Code, Revised Codes of 1903, and was construed by this court in Minnehaha County v. Boyce, 30 S. D. 226, 138 N. W. 287. It was held that the word "estate" was employed in a limited sense as referring to the estate of a deceased person, and that therefore no cause of action accrued under the statute until after the death of the insane patient. This decision was filed in October 1912. The legislature which assembled the following January repealed the section construed by that decision and enacted Ch. 313, Laws of 1913, providing that the amount incurred by any county for the treatment and maintenance of any insane person in the hospital for the insane "shall be a charge against the **property and estate of such insane person, both during the lifetime and after the death** of such person." (Emphasis supplied.) This provision has been carried forward in our statutes as SDC 30.0216.

Thereafter In re Thompson's Estate, 50 S. D. 499, 210 N. W. 738, it was held (1) that the liability of the insane person to the county is quasi-contractual, cf. Meade County v. Welch, 34 S. D. 348, 148 N. W. 601, and (2) that by reason of the quoted amendment contained in Ch. 313, Laws of 1913, a cause of action for reimbursement accrues to the county during the lifetime of the insane person, which cause of action is subject to the bar of the six-year statute of limitations. Cf. SDC 33.0232.

Thereafter, by amendment of § 10087, Rev. Code 1919, dealing with the expenses of certain members of the insanity board, by Ch. 208, § 8, Laws of 1923, and by the subsequent 1939 revision thereof, the following provision was included in SDC 30.0120, viz., "The statute of limitations upon any claim of the county or state for expense or care of insane shall not commence to run until the death of the insane patient, but action may be begun at any time during the life of the insane person." Cf. McKenna v. Roberts County, 72 S. D. 250, 32 N. W.2d 687.

The final legislative act came in 1939. By Ch. 118, Laws of 1939, SDC 30.0216, the successor to Ch. 313, Laws of 1913, supra, was amended to read: "The amount incurred by any county in this state for treatment and maintenance of any insane person in a hospital for the insane shall be a charge against the property and estate of such insane person, both during the lifetime and after the death of such person, **and until paid shall not be affected by any statute of limitations; * * *.**" (Emphasis supplied.)

In McKenna v. Roberts County, supra, the liability of the estate of an insane person to reimburse the county for expenditures made for his care at the state hospital prior to July 1, 1913, was in question, and the contention was made that the item was barred under the rule of In re Thompson's Estate, supra, and that the amendment of Ch. 118, Laws of 1939, should not be applied retroactively to render the claim enforceable. This court followed In re Thompson's Estate and held the item barred by the six-year statute.

We revert to the case at bar. The circuit court reached its decision before the opinion in McKenna v. Roberts County, supra, was filed. Predicated on L. D. Powell Co. v. Larkin, 52 S. D. 245, 217 N. W. 200, and Clark County v. Bergstresser, 63 S. D. 121, 257 N. W. 44, establishing the rule that the statute of limitations of this state creates a bar to the remedy and does not destroy the right or cause of action, and on the rule of Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L.Ed. 483, lately reaffirmed in Chase Securities Corporation v. Donaldson, 325 U. S. 304, 65 S. Ct. 1137, 89 L. Ed. 1628, the circuit court held that Ch. 118,

Laws of 1939, supra, lifted the bar of the statute of limitations and rendered enforceable the claim of the county for expenditures prior to July 1, 1913 which claim theretofore had been considered unenforceable under the rule of In re Thompson's Estate, supra.

The administratrix, of course, points to McKenna v. Roberts County and to In re Thompson's Estate, supra, as the basis of her contention that the trial court erred in so ruling. In response the county advances several propositions. It first suggests that the holding of In re Thompson's Estate should be reconsidered in the light of two contentions not therein considered, viz., (a) that to construe Ch. 313, Laws of 1913, as rendering the claims of the county for expenditures made prior to July 1, 1913, enforceable during the lifetime of the insane person is to give it retrospective application, bringing it into collision with § 12, art. VI of the constitution of South Dakota which provides, "No * * * law impairing the obligation of contracts * * * shall be passed" and thus rendering it invalid, and (b) the legislature did not intend Ch. 313, Laws of 1913, to operate retrospectively. In either of these views, it will be readily observed that the right of the county for reimbursement for expenditures prior to July 1, 1913, would not have accrued until the death of Peter Sadler under the rule of Minnehaha County v. Boyce, supra, and hence would never have been subject to the bar of the statute of limitations As an alternative proposition the county contends that the holding of McKenna v. Roberts County should be reconsidered and the reasoning and ruling of the learned judge of the circuit court adopted.

The contention that to construe Ch. 313, Laws of 1913, as having retrospective force would render it repugnant to § 12, art. VI, proscribing laws inpairing the obligation of contracts cannot be maintained. As indicated in Meade County v. Welsh, 34 S. D. 348, 148 N. W. 601, the liability to reimburse a county for expenditures made for the treatment and maintenance of one of its insane citizens committed to the state hospital rests upon an implied contract, sometimes called a quasi contract or constructive contract.

Although we indulge the fiction of a contract for remedial purposes, such a liability is not consensual: both the commitment and the liability are imposed by law. Such implied or quasi contracts, as distinguished from contracts implied in fact, are not contracts within the impairment clause of our constitution. State ex rel. Sharpe v. Smith, 58 S. D. 22, 234 N. W. 764; State v. Romme, 93 Conn. 571, 107 A. 519; In re Idleman's Commitment, 146 Or. 13, 27 P.2d 305; 16 C. J. S., Constitutional Law, § 344, page 792; 28 Am. Jur., Insane and Other Incompetent Persons, § 44, p. 684; 16 C. J. S., Constitutional Law, § 285, page 717.

It was assumed without question or discussion In re Thompson's Estate, supra, that the legislature intended by Ch. 313, Laws of 1913, to render enforceable during lifetime of an insane patient his liability to reimburse the county for expenditures **theretofore** made for his treatment and maintenance at the state hospital. Although McKenna v. Roberts County, supra, and many sessions of the legislature have intervened, until now that assumption has not been questioned.

Without laboring the point, we will assume that a measure which operates to accelerate the maturity of the county's claim for antecedent expenditures is retrospective in character. Cf. Clark Implement Co. v. Wadden, 34 S. D. 550, 149 N. W. 424, L. R. A. 1915C, 414.

The conclusion of the county that the legislature did not intend the act to so operate rests upon the presumption indulged by the courts that statutes are intended to operate prospectively. Cf. Federal Farm Mortgage Corporation v. Noel, 66 S. D. 481, 285 N. W. 871 and American Investment Co. v. County of Beadle, 5 S. D. 410, 59 N. W. 212. A lucid statement of this rule of construction appears in an early New York case in words as follows: "It is always to be presumed that a law was intended, as its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective

operation, it should have such operation only." New York & Oswego Midland R. Co. v. Van Horn, 57 N. Y. 473.

But the foregoing rule is but a guide in determining legislative intention. It should not be permitted to override circumstances which demonstrate that the legislature intended a measure to operate retrospectively.

■■ It had been assumed that such claims of a county were enforceable during the life of the insane patient. Bon Homme County v. Berndt, 13 S. D. 309, 83 N. W. 333, 50 L. R. A. 351, Id., 15 S. D. 494, 90 N. W. 147. Minnehaha County v. Boyce, supra, pronounced a different rule. It is obvious that Ch. 313, Laws of 1913, was enacted to erase the rule of the Boyce case. That was the mischief the legislature sought to remedy. Without doubt the legislature had in mind that a number of patients in the state hospital had accumulated liability to their respective counties, which under the rule of the Boyce case would not mature and become enforceable until their death. That the legislature would intend to differentiate between this accumulated liability and that to accrue from day to day and to provide for the immediate enforcement of future liability but require the county to wait until the patient's death to enforce the accumulated liability seems unreasonable. The language it employed is broad enough to authorize immediate enforcement of both liabilities. That was the assumed and unquestioned interpretation of In re Thompson's Estate. It has stood for many years without any indication from the legislature that its intention had been misunderstood. In view of all these circumstances, we hold that the legislature intended by Ch. 313, Laws of 1913, to authorize recovery from an insane patient during his lifetime of amounts theretofore expended by a county for his care and treatment at the state hospital. From this holding it follows that the claim of Hamlin County for its expenditures prior to July 1, 1913, had long been barred by the statute of limitations when the legislature enacted Ch. 118, Laws of 1939, quoted supra.

We now turn to the contention that we should reconsider the holding of McKenna v. Roberts County, supra.

The rule of Campbell v. Holt, supra, reaffirmed in Chase

Securities Corporation v. Donaldson, supra, is that where lapse of time has not invested a party with title to real estate or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations even after the right of action is barred thereby, restore to plaintiff his remedy, and divest defendant of the statutory bar. Some state courts have not followed this rule in cases where the due process provision of their state constitution was invoked. Cf. Chase Securities Corporation v. Donaldson, supra, 89 L. Ed. 1635, footnotes 9 and 10; and Annotations at 36 A. L. R. 1316 and 133 A. L. R. 384. As we have indicated it is upon the rule of these cited decisions the county contends we should hold that Ch. 118, Laws of 1939, quoted supra, lifted the bar of the statute of limitations and rendered enforceable the claim for expenditures of the county prior to July 1, 1913.

Before we can reach that contention we must determine that by Ch. 118, Laws of 1939, the legislature intended to restore the remedy of the several counties on claims as to which the bar of the statute had been raised.

We discern no clear evidence that the legislature intended Ch. 118, Laws of 1939, to operate retrospectively to lift the bar on claims on which the statute of limitations had run. The rule quoted supra from New York & Oswego Midland R. Co. v. Van Horn is invoked and is controlling. The letter of the statute does not expressly direct retrospective application of its provisions. All of its provisions can be completely satisfied by a prospective interpretation. The surrounding circumstances do not repel the presumption that the legislature was promulgating a rule of the future. A legislature would not lightly act to lift the bar of the statute on stale claims long deemed "outlawed". Most minds, we think, would readily react unfavorably to such a proposal. If the legislature had deemed such action necessary or expedient, we believe it would have said so in no uncertain terms. It has not made such an intention explicit. For these reasons we concluded in McKenna v. Roberts County, supra, that the bar of the statute was effective as against the item of $558.93 therein described. We now

think we should adhere to that conclusion. It follows that we are of the opinion that the trial court erred in making an allowance to the county for its outlay before July 1, 1913. We, of course, do not intend by this opinion to indicate that the statute of limitations would not be operative on any expenditure after July 1, 1913.

The judgment of the trial court is reversed and the cause remanded with directions that the trial court bring its judgment into harmony with this opinion.

All the Judges concur.