DAVISON COUNTY, Respondent, v. McCOOK COUNTY, Appellant

(57 N. W.2d 43)

(File No. 9291.   Opinion filed February 14, 1953)

**R. M. Sheild,** State's Atty., McCook County, Salem, for Defendant and Appellant.

**C. J. Kelly,** State's Atty., Davison County, Mitchell, **Fred J. Nichol,** former State's Atty., Davison County Mitchell, for Plaintiff and Respondent.

LEEDOM, J.   Two elderly women, both having legal settlement in McCook County, South Dakota for poor relief purposes, started to receive old age assistance from the State Department of Social Security on October 21, 1936 and November 9, 1936 respectively.   Each has continuously received such assistance since.   One moved from McCook to Davison County August 2, 1939 and the other moved there June 26, 1940.   Both, except for temporary absences of

one, have remained in Davison County to the present time. Davison County served on one of the women within 30 days after August 2, 1939 the date of her arrival in the county, the statutory notice to prevent her from obtaining a legal settlement, but served no further notice on her nor any at all on the other lady. Inasmuch as their social security checks from the state did not meet all their requirements Davison County during 1950 furnished additional care and medical attention, and submitted claims covering the charges to McCook County.

It is the theory of Davison County officials that under the provisions of SDC 50.01 as amended, and especially SDC 50.0102(6) and (7), as enacted in Ch. 211, Laws 1941, SDC Supp. 50.0102, the legal settlement of these women has never changed from McCook County since they have received old age assistance continuously beginning at a time when McCook County was the place of their legal settlement.

Except for the claims filed by Davison County with McCook County covering the items of additional aid furnished, no notice was given McCook County either of application for the help nor that it had been furnished. McCook County rejected the claims on the theory that legal settlement there had long since been lost due to long absence from the county. The circuit court entered judgment for Davison County on its suit against McCook County to recover on the claims so filed.

The question in the case receiving the principal attention of both counsel and the circuit court and the question which the circuit court deemed decisive of the issues was whether or not continuous payment of the so-called old age pension, that started while the recipients had legal settlement in McCook County, prevented the recipients from losing their legal settlement in McCook County and gaining legal settlement in Davison County under the provisions of SDC 50.0102(6) and (7), as amended. The circuit court held that the provisions of these subsections (6) and (7) would prevent acquistion of new legal settlements in Davison County inasmuch as the old age assistance was continuous from its inception in McCook, regardless of notice against legal settlement. We would agree with the circuit court in this in-

terpretation of the effect of these two subsections if legal settlement had not already changed to Davison County; but inasmuch as it is our view that the legal settlements in Mc-Cook County were lost and new ones were acquired in Davison County prior to the effective date of Ch. 211, Laws 1941, SDC Supp. 50.0102, we do not regard this interpretation of subsections (6) and (7) decisive of the case. For the reasons hereafter appearing we reverse the judgment entered below.

■ Counsel for appellant has argued that the words "public assistance" as used in SDC 50.0102(6) and (7), as amended do not include the old age assistance granted by the State Department of Social Security and that such payments therefore do not subject the recipients to the other provisions of the subsections that prevent acquisition of a new legal settlement. While we do not regard the interpretation of these subsections as decisive of the issues as previously stated we here indicate, in view of the possibility of further legislation, that we are unable to agree with appellant's counsel in this respect. We think the legal settlement of a poor person would not change, after enactment of Ch. 211, Laws 1941, SDC Supp. 50.0102, regardless of place of residence in South Dakota, so long as he continues to receive an old age pension that was being paid when such chapter became effective. Cf. Milwaukee County v. Waukesha County, 236 Wis. 233, 294 N.W. 835.

■ Considering lapse of time only both women involved in the litigation had lived in Davison County long enough to gain legal settlement and without notice that would prevent their acquiring it, prior to July 1, 1941 when Ch. 211, Laws 1941, became effective. This chapter placed into the law new provisions of subsection (6) and a complete new subdivision (7) of SDC 50.0102. Except for these new provisions we know of nothing relating to poor relief that prevented a person, living in a county the statutory period, from acquiring legal settlement there except the service of the "warning" notice to prevent acquisition of legal settlement given pursuant to subsection (6) of SDC 50.0102. Counsel for respondent have not cited any provision of the law except Ch. 211, Laws 1941, SDC Supp. 50.0102, by virtue of which the legal settlement of these two women remained in

McCook County notwithstanding their residence in Davison County for a period long enough under the law to gain legal settlement. They then, simply as a matter of fact, had their legal settlement in Davison County, at least according to this record, before Ch. 211, Laws 1941, came into effect. This chapter does not purport in and of itself to change legal settlement. It merely adds to the law a new provision preventing a change of legal settlement so long as the person involved continues to receive any form of public assistance; but in this case the legal settlement had changed from Mc-Cook to Davison County before the new provision had a chance to operate. While it may be argued that certain language of subsection (7), taken alone and literally construed, would seem to change established legal settlement from Davison back to McCook County in the instant case, such quite clearly was not the legislative intent. The title and substance of the whole of Ch. 211, Laws 1941, SDC Supp. 50.0102, and the text of SDC 50.01 which chapter 211 amends, make clear an intent only to define and provide a formula for determining legal settlements rather than to change them from one county to another ipso facto. Certainly no clear legislative intention appears anywhere in the enactments to make their provisions retrospective. This being so the statutes will not be construed to operate retrospectively. The rule of statutory construction here involved is the same as that applied in Federal Farm Mortgage Corporation v. Noel, 66 S. D. 481, 285 N.W. 871; and the language of that opinion is appropriate in disposing of this issue. See also In re Sadler's Estate, 73 S.D. 56, 38 N.W.2d 879. Since legal settlement had changed to Davison County before chapter 211 became effective and since that chapter does not operate to change the status of established legal settlement, respondent's case necessarily fails as it depended on the proposition that legal settlement was never lost in McCook County.

In view of the foregoing the contention urged below by appellant that respondent could not recover for failure to give the notice to McCook County required by SDC 50.0103 as amended by Ch. 211, Laws 1941, is not material in this appeal. In connection however with the wording of the provision relating to this notice we observe with the thought

it may have a bearing on future legislation that the inept and confusing language almost defies interpretation on any sensible basis.

The judgment from which the appeal is taken is reversed.

RUDOLPH, SMITH and SICKEL, JJ., concur.

ROBERTS, P. J., dissents.

ROBERTS, P. J. (dissenting). While I am in accord with the statutory interpretation set forth in the majority opinion, yet I am convinced that the record reveals no basis for reversal. The trial court rendered its decision on the issues presented. The question whether settlements were acquired in Davison County prior to the effective date of the 1941 Act, so far as I can ascertain, was not raised and preserved in the trial court and consequently should not be considered on appeal.

The judgment should in my opinion be affirmed.