IN RE ESTATE OF PETER B. SCOTT

(133 N.W.2d 1)

(File No. 10160. Opinion filed February 11, 1965)

**Frank L. Farrar,** Atty. Gen., **Robert A. Miller,** Asst. Atty. Gen., Pierre, for appellant.

**Martin P. Farrell,** Hot Springs, for respondent.

BIEGELMEIER, J. This appeal involves the partial disallowance of a claim against the estate of a former member of the Soldiers' Home.

Peter B. Scott entered the South Dakota Soldiers' Home in 1948 and lived there as a member until his death August 30, 1962. His will dated March 21, 1957, was admitted to probate. He left no surviving spouse or dependent. A claim was filed by the Home for his maintenance care and support for $11,226.96 covering the time he was such member. The executor allowed that part which accrued since July 1, 1961, and disallowed the balance which, at a hearing, the county court approved. The circuit court on appeal, affirmed this action.

The statutes which give rise to the controversy are found in SDC 41.02 and amendments. While admission was restricted to those of limited income originally they contained no requirement or obligation of payment for care of a member.[1] Ch. 212 of the

---

1.  Historically this was the situation for care of the insane or feeble-minded at state institutions. However, the Legislature by Ch. 98 of the 1895 Session Laws, and by Ch. 115 of the 1949 Session Laws created a liability for such care as to the insane and feeble-minded. These statutes have been variously amended, are now SDC 30.0216 and SDC 30.0605 and parts of the title Mentally Ill and Mentally Retarded. In re Sadler's Estate, 73 S.D. 56, 38 N.W.2d 879 reviews statutory changes as to claims for care of insane persons.

1951 Session Laws amended and added sections to SDC 41.02 requiring financial and property statements to be part of the application for admission, contributions from members receiving certain pensions and admission of persons who have sufficient means for their support "on payment of the cost of their support." See SDC Supp. 41.0215 and SDC Supp. 41.0219 (1952). Again by Ch. 242, Session Laws of 1959, SDC Supp. 41.0215 was amended, retaining with some modifications the requirement of a member to make contributions for his care or support and also provided:

> "If any member of the home dies without legal dependents, his property shall be distributed to the South Dakota Soldiers' Home as sole heir for the sole use and benefit of the Home, and no will, previously or hereafter drawn, making a contrary disposal shall be valid."

This now appears as SDC 1960 Supp. 41.0215.

Ch. 206 of the 1961 Session Laws amended this section by omitting the sentence last quoted and in its place stated:

> "If any member of the home dies without legal dependents, his property shall be distributed to the South Dakota Soldiers' Home as sole heir for the sole use and benefit of the Home. Such member may by will dispose of his estate subject to the preferred claim hereinafter provided in this section.   *   *   *   In the event an estate is left by the deceased member, leaving no surviving spouse or dependent, the State Home shall file a claim against the estate of such deceased member in the amount of seventy-five dollars ($75.00) for each month the member was in the Home with proper credits allowed to the estate of the deceased member for any payments made by him or her, but such credits not to include any allowances of the State or Federal government and that such moneys received from the deceased member shall go to a capital fund of the State Home for repairs, equipment, improvement or construction. In the event that such deceased member shall leave a wife, or other dependent, such estate shall be payable to the wife, or other dependent, but upon the death of the wife, or other

dependent, the State Home shall file a claim against the estate of the deceased wife or other dependent for any claims against the estate of both the deceased husband and wife as provided in the above paragraph, which claim shall be a preferred claim against such estates. Any transfer of property to avoid the payment of such claim of the State Soldiers' Home shall be voidable."

■ The question presented is whether the change in the amendment by Ch. 206 above quoted which became effective July 1, 1961 operated prospectively or retrospectively. This court has had occasion to consider it many times.[2] These opinions recognize the fundamental rule of statutory construction that statutes are to be construed as having only a prospective operation unless the purpose and intention of the legislature to give them retrospective effect clearly appears. A lucid statement of this rule of construction appears in In re Sadler's Estate, 73 S.D. 56, 38 N.W.2d 879, where the court, from an early New York case [New York & Oswego Midland R. Co. v. Van Horn, 57 N.Y. 473], quoted as follows:

"It is always to be presumed that a law was intended, as its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only."

In a similar vein State ex rel. Strenge v. Westling, 81 S.D. 34, 130 N.W.2d 109, follows this reasoning.

The argument is made the phrase in Ch. 206 of the 1961 Laws directing a claim to be filed "for each month the member was in the Home" indicates an intent to permit filing of a claim

---

2. See Cutting v. Taylor, 3 S.D. 11, 51 N.W. 949, 15 L.R.A. 691; American Inv. Co. of Emmetsburgh v. County Beadle, 5 S.D. 410, 59 N.W. 212; American Inv. Co. of Emmetsburgh, Iowa v. Thayer, 7 S.D. 72, 63 N.W. 233; Baldwin v. City of Aberdeen, 23 S.D. 636, 123 N.W. 80, 26 L.R.A.,N.S., 116; Federal Farm Mortgage Corp. v. Noel, 66 S.D. 481, 285 N.W. 871; Davison County v. McCook County, 74 S.D. 588, 57 N.W.2d 43; State v. Westling, 81 S.D. 34, 130 N.W.2d 109. As to the effective date of an act of the Legislature see SDC 55.0607.

for cost of support of a member accruing before July 1, 1961. However, the following statutes in the cases cited were held not retroactive and not to apply to sales made before their effective dates:

—when "land has been sold" or where "after a tract of land has been listed and assessed * * * and a sale thereof for taxes shall have been made * * * the county shall repay to such purchaser the amount paid", American Inv. Co. of Emmetsburgh v. County of Beadle;

—whenever real property "shall have been sold for taxes * * * the county treasurer of the county where such sale was made", shall refund the amount paid, American Inv. Co. of Emmetsburgh, Iowa v. Thayer; and

—when "any sale of real estate has been made by a mortgagee", Federal Farm Mortgage Corporation v. Noel. For citations see footnote 2.

As said in Thayer and quoted in Noel,

"As a question of grammar, the phraseology of this law may include tax sales made prior to its passage; but the language used is entirely consistent with an intention that it should only be prospective in its operation, and a law will not be so construed as to give it a retroactive effect when it is capable of any other construction."

The legislature was undoubtably familiar with this unbroken line of decisions, for in amending SDC 51.0212 in Chapter 255, Laws of 1951 relating to joint tenancy, the words used included any deed "heretofore" given and by Ch. 242, Laws of 1959 quoted earlier in this opinion, it stated "no will, previously or hereafter drawn, making a contrary disposal shall be valid."

█ Absent words expressing a contrary intention, the statute will be and is, held to act prospectively. State v. Westling, supra.

Affirmed.

ROBERTS, P. J., and RENTTO and HOMEYER, JJ., concur.

HANSON, J. (dissenting). A retrospective law is defined as "one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past." 50 Am.Jur., Statutes, § 476, p. 492.

Legislative intent is the fundamental guide as to whether or not a statute operates retrospectively or prospectively. "If it is unmistakable that an act was intended to operate retrospectively, that intention is controlling as to the interpretation of the statute, even though it is not expressly so stated * * *." 50 Am.Jur., § 479, p. 503.

When a member of the Soldiers' Home died without legal dependents under SDC 1960 Supp. 41.0215, all of his property went to the State and he was prohibited from otherwise disposing of his property by will regardless of the size of his estate. The retroactive operation of Chapter 206, Laws of 1961 would not destroy, interfere with, or impair any vested, contractual, or constitutional right of the decedent or of his estate. Nor would it create new obligations or impose new duties. Instead its retroactive operation would be beneficial by allowing members to dispose of their estates by will subject only to the claim of the state "in the amount of seventy-five dollars ($75.00) for each month the member was in the Home with proper credits allowed to the estate of the deceased member for any payments made by him * * *." Such language speaks of the past as well as the future.

According to the majority opinion the State would take all the property of a member of the State Soldiers' Home dying on or before midnight June 30, 1961 as compensation for his custody and care. If the member died after midnight on July 1, 1961, the State would take nothing and would have no claim whatsoever against the estate regardless of its size and without regard to the length of decedent's residence at the Home. On August 1, 1961 the State would have a claim for $75. In other words, one minute the State would take all and the next minute

nothing, for the care of members of the Soldiers' Home. I cannot believe this was the legislative intent of Chapter 206, Laws of 1961. It was obviously intended to operate both retrospectively and prospectively and should be so construed.