S. D. STATE VETERANS' HOME, Appellant v.
NAT'L BANK OF S. D., Executor of Estate, Respondent

(235 N.W.2d 406)

(File No. 11599. Opinion filed November 26, 1975)

William J. Janklow, Atty. Gen., Earl Mettler, Asst. Atty. Gen., Pierre, for claimant and appellant.

Allen G. Wilson, Hot Springs, for executor and respondent.

COLER, Justice.

The claim of the State Veterans' Home, Hot Springs, South Dakota, hereinafter referred to as the "home," duly filed against the estate of Carl Eschol Sundstrom, who died testate without surviving spouse or dependent on February 24, 1974, was contested by the executor as barred by the statute of limitations which would preclude payment by the executor. SDCL 30-21-18. Upon hearing of the contested claim, the trial court denied that part of the claim arising prior to February 24, 1968, under the limitations stated in SDCL 15-2-13(2) and the claimant appealed. We reverse.

The decedent was a member of the Veterans' Home intermittently from April 16, 1954, to the date of his death. That membership is reflected by the claim filed, which numbers the years, months and days for which the claim is made against the estate, at the rate of $2.50 per day or $75 per month. The executor acknowledged that the $7,549.46 claim, if not barred by the statute of limitations, was a valid claim timely filed under SDCL 30-21-17. SDCL 33-18-15 et seq. impose a contractual or quasi-contractual obligation, *Meade County v. Welch*, 1914, 34 S.D. 348, 148 N.W. 601, thus, requiring the filing of a claim as distinct from a secured creditor's claim which is not barred for failure to file. See annotations following SDCL 30-21-17, Cf. U.P.C. 3-803.

■ The language "retroactive from the date of admission" was added to SDCL 33-18-15 by the legislature in direct and immediate response to the. holding of this court in *In re Scott's Estate*, 1965, 81 S.D. 231, 133 N.W.2d 1. No useful purpose would be served by retracing the history of SDCL 33-18-15 through 33-18-17 which is well documented in *In re Scott's Estate*, supra, and the source notes to those sections. We hold. that the 1965 amendment, as carried forward in the further amendment by Ch. 191, § 6, S.L.1970, has made retroactive the provisions of SDCL 33-18-15. SDCL 2-14-21; *In re Scott's Estate*, supra.

The sole issue before this court, on a minimal stipulated record, is whether the retroactive language of SDCL 33-18-15, which directs the filing of a claim by the home for the full amount of unreimbursed maintenance of a member, under the above circumstances, is limited in retroactive effect by any statute of limitations. We hold that the retroactive effect is not so limited.

Essentially SDCL 15-2-2 and SDCL 15-2-13 provide that the limitations set forth within Chapter 15-2 apply unless there is some other limitation prescribed by law. Because of the multitudinous special statutes of limitations, phrased in a variety of ways and found throughout our code, we cannot unequivocally state that SDCL 15-2-13(2) specifically applies to claims presented under SDCL 33-18 nor, in light of our disposition of this case, are we compelled to do so.

As SDCL 33-18 stands, if a member of the home dies without surviving legal dependents and without a will, his property is distributed to the home "as sole heir for the sole use and benefit of the home." SDCL 33-18-13. The maturity of a claim for maintenance at the home is otherwise governed by such factors as whether or not there is a will or a surviving spouse or a legal dependent. If a spouse or any dependent survives the member, the claim is delayed until the death of that spouse or dependent. SDCL 33-18-13 through 33-18-17. Thus, under one set of circumstances a special escheat to the home occurs and no statute of limitations is applicable. This is true since title vests in the home instantly upon the death of the member. *In re McClellan's Estate*, 1913, 31 S.D. 641, 141 N.W. 965.

The maturity of a claim under SDCL 33-18 is determined by several contingencies which no statute of limitation could be meaningfully drawn to cover and could not apply at all in the case of escheat. We do not agree with the executor's position that in order to except SDCL 33-18 from the provisions of SDCL 15-2 the legislature must specifically state the interrelationship of other statutes. The executor points out, by way of illustration, that such a general reference to the effect of the statute of limitations is expressed in SDCL 27-9-13 which relates to fixing a time for the accrual of the right of action on a claim for expenses for care of a mentally ill patient. The legislative intent therein expressed and the necessity for a reference to limitation of actions arose out of an entirely different legislative history, as documented in *Hamlin County v. Sadler*, 1949, 73 S.D. 56, 38 N.W.2d 879. See also 1917-1918 A.G.R., pp. 324-326. Under that statute, the liability arises when the patient's expenses are not kept current, SDCL 27-9-12, and the action may be begun at any time thereafter. The central question is, when does the right of action accrue? This question must be determined from a consideration of the legislative history of and intent expressed by SDCL 33-18.

■ The language of this court found in *Minnehaha County v. Boyce*, 1912, 30 S.D. 226, 138 N.W. 287, construing what was the predecessor of SDCL 27-9-12, is as appropriate to the construction of SDCL 33-18 as were the then provisions of the statutes governing the collection of payments for the care for the mentally ill at a state institution. Paraphrasing *Minnehaha County v. Boyce*, supra, we find that the legislative intent must be ascertained by a consideration of the language and the general purpose expressed in SDCL 33-18 itself. It was plainly the intent not to demand payment out of an "estate" upon which certain persons might be dependent for their support. The language of SDCL 33-18 points unmistakably to the conclusion that the legislature did not intend that any property of a member, real or personal, should be appropriated in satisfaction of the statutory liability during the life of the member. The provisions for the protection of dependent heirs, and the placing of the liability upon the "estate," seem conclusive of such intent. It seems clear, therefore, that no cause of action arises until the liability created by the statute becomes effective by the death of the member, SDCL 33-18-13, or in the event dependents survive, then upon

the death of the dependents, SDCL 33-18-16, at which time the "amount" of the liability has become fixed, and the real and personal property of such member has become what is known in the law governing the disposition of the property of deceased persons as an "estate." When this "estate" comes into existence, the statutory liability matures and becomes actionable and from that time the statute of limitations begins to run. 30 S.D. at 237, 138 N.W. at 289.

We are of opinion, therefore, that the trial court erred in the conclusion of law that charges made by the home more than six years before the death of the member are barred by the statute. SDCL 15-2-13(2).

The judgment is reversed and remanded to the trial court for further proceedings in accordance with this opinion.

Although it was represented to this court that the claimed amount exceeds the full value of the estate, the record before us does not reflect what preferred claims were allowed pursuant to SDCL 30-21-1 (U.P.C. 3-805) and whether the trial court considered this claim within that order of priority as a preferred claim under SDCL 33-18-15, 33-18-16; we therefore, express no opinion thereon.

All the Justices concur.