S. D. STATE VETERANS' HOME, Appellant v. HAMILTON, Executor of Estate, Respondent

(235 N.W.2d 916)

(File No. 11662. Opinion filed December 12, 1975)

**William J. Janklow**, Atty. Gen., **Earl Mettler**, Asst. Atty. Gen., Pierre, for claimant and appellant.

**Martin P. Farrell**, Hot Springs, for executor and respondent.

COLER, Justice.

The South Dakota State Veterans' Home, Hot Springs, South Dakota, filed two separate claims for maintenance under the provisions of SDCL 33-18 against the estate of Willis F. Hamilton who died testate on November 7, 1974, while a member of the home. The trial court denied all of the amount of the separate claim for maintenance of Hamilton's wife, Maude, who died on August 22, 1962, and all but $25 of the $6,323.33 claim for unpaid maintenance of Willis F. Hamilton which accrued between October 12, 1951 and December 31, 1969, on the basis that the claims were otherwise barred by the statute of limitations, specifically SDCL 15-2-13(2).

We reverse.

Although the state filed claims in both the estates of Willis F. Hamilton and Maude Hamilton, the minimal record before us discloses that both were treated by the trial court as claims against the estate of Willis F. Hamilton. This would indicate that Maude Hamilton was, as reflected in the trial court's judgment, a "member" of the South Dakota State Veterans' Home for the period beginning October 11, 1951, until her death on August 22, 1962.*

The provisions of SDCL 33-18 do not clearly define the term "member". By frequent reference to "spouse of a veteran" and the limitations on the right of a spouse of a veteran to be admitted with the veteran or remain a resident after the death of a veteran, SDCL 33-18-23 and 33-18-24, the legislature has identified "member" as being a veteran entitled to admission to the home as distinct from a spouse who gains residence by virtue of the relationship to an eligible veteran.

■ From the record before us it appears improbable that Maude Hamilton was a "member" of the home and there is no basis in the record for the trial court to have made that determination. We find no authority under SDCL 33-18-13 through 33-18-17 for filing a claim, retroactive or otherwise, against a member for maintenance of a predeceased nonveteran spouse.

■ If, as the trial court determined, Maude Hamilton was a veteran and "member", her income, if any, contributed under SDCL 33-18-10 was credited by the home entirely to the charges against Willis F. Hamilton. If she was not a "member" no contribution was required of her as a spouse since SDCL 33-18-12 was not then a part of the law, that statute having been enacted subsequent to her death.

---

* No findings of fact or conclusions of law were entered; however, paragraph 1 of the Judgment of the trial court reads as follows:

"That Willis F. Hamilton and Maude Hamilton, husband and wife, were members of the South Dakota State Veterans' Home in Hot Springs, South Dakota, for the periods set forth in the said claims filed by the State Veterans' Home against the above entitled estate."

Neither appellant nor respondent has taken issue with this recitation in the judgment.

If it is true that she had been a member, the retroactive claim would be proper under SDCL 33-18-16 as determined in *In re Estate of Sundstrom*, 89 S.D. 549, 235 N.W.2d 406. The status of Maude Hamilton must be determined on evidence presented to the court for a determination of the applicable law.

The claim made by the state against the estate of Willis F. Hamilton having been timely filed is not barred by SDCL 15-2-13(2). *In re Estate of Sundstrom*, supra.

The judgment is reversed and remanded to the trial court for further proceedings in accordance with this opinion and *In re Estate of Sundstrom*, supra, which was argued before this court as a companion case.

All the Justices concur.