#25224-a-JKM

**2010 SD 21**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MICHAEL J. FITZMAURICE SOUTH
DAKOTA STATE VETERANS HOME,        Appellant,

v.

IN THE MATTER OF THE ESTATE OF
MILDRED A. HAMMER, DECEASED,        Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JANINE KERN
Judge

\* \* \* \*

TED W. HINESLEY
Edgemont, South Dakota        Attorney for appellant.

PATRICK M. GINSBACH of
Farrell, Farrell and Ginsbach, PC
Hot Springs, South Dakota        Attorneys for appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 11, 2010

OPINION FILED **02/24/10**

#25224

MEIERHENRY, Justice

[¶1.] The Michael J. Fitzmaurice South Dakota Veterans' Home (Home) appeals the circuit court's order disallowing its claim under SDCL 33-18-16 for services provided to Ernest Hammer (Ernest) before his death. The Home filed a petition for allowance of claim pursuant to SDCL 33-18-16 to recover the costs for Ernest's care from the estate of Ernest's wife, Mildred Hammer (Mildred). The circuit court concluded Ernest died without passing an estate to Mildred, and therefore, the Home could not recover the costs incurred in providing care to him under SDCL 33-18-16.

## FACTS AND BACKGROUND

[¶2.] Ernest was a resident at the Home from November 2007 until his death on April 25, 2008. The total expense to the State for his care was $13,113.20. Ernest's only assets were a home and a life insurance policy. Upon Ernest's death, the home passed to Mildred as a joint tenant with right of survivorship. Likewise, Mildred received the proceeds of the life insurance policy as the named beneficiary. Mildred died on June 24, 2008. Ernest and Mildred's daughter, Diane Hammer (Personal Representative), was named personal representative of Mildred's estate in July 2008.

[¶3.] After Mildred's death, the Home filed a claim against her estate to recover the costs of Ernest's care at the Home. The Home's claim was based on statutory procedures set forth in SDCL ch. 33-18. The Personal Representative filed a notice to disallow the claim. She maintained the statutes presumed that the deceased member of the Home had an estate that passed to the surviving spouse.

-1-

Personal Representative indicated that Ernest had no estate because his home automatically transferred to Mildred upon his death, and the insurance proceeds were paid to the beneficiary, not to Ernest's estate.  Consequently, Personal Representative asserted that the Home's only claim was against the joint tenancy property pursuant to SDCL 43-46-2 rather than against Mildred's estate under SDCL 33-18-16.  However, SDCL 43-46-2 requires a claim to be made within six months of a joint tenant's death.  After a hearing on the matter, the circuit court agreed with Personal Representative and disallowed the claim.  The circuit court concluded that the Home's remedy was under SDCL 43-46-2, but that the statute of limitations had expired.  The Home appeals.  The issues on appeal are whether Ernest had an estate against which the Home could make a claim under SDCL 33-18-16 or whether the Home was limited to a claim against the joint tenancy under SDCL 43-46-2.

## STANDARD OF REVIEW

[¶4.]        Statutory interpretation is a question of law reviewed de novo.  State v. Guerra, 2009 SD 74, ¶22, 772 NW2d 907, 913.  Statutes must be interpreted according to the legislative intent.  Wiersma v. Maple Leaf Farms, 1996 SD 16, ¶4, 543 NW2d 787, 789 (citation omitted).  "Such intent is derived from the plain, ordinary and popular meaning of statutory language."  Id.  "'Intent must be determined from the statute as a whole, as well as enactments relating to the same subject.'"  Id. (quoting Whalen v. Whalen, 490 NW2d 276, 280 (SD 1992)).  A circuit court's conclusions of law are also reviewed de novo.  State v. Moss, 2008 SD 64, ¶9, 754 NW2d 626, 629 (citation omitted).  Thus, we review this matter de novo.

**ANALYSIS**

*Whether Ernest Died Without Leaving an Estate to Mildred*

[¶5.]     To recover the costs of providing resident care to a veteran, the Home may file a claim against the deceased veteran's estate pursuant to SDCL 33-18-15 and SDCL 33-18-16.  These statutes allow the Home to file a claim against the estate of the deceased resident; or, if the deceased resident's estate was payable to the spouse, the Home can delay its claim and file a claim against the estate of the deceased spouse.  The statutes at issue provide:

> SDCL 33-18-15:
>
> If an estate is left by a deceased member of the State Veterans' Home leaving no surviving spouse or dependent, the state home shall file a claim against the estate of the deceased member in the amount of the full maintenance charge for each month the member was in the home, retroactive from the date of admission with proper credits allowed to the estate of the deceased member for any payments made by the member.  However, the credits may not include any allowances of the state government.  Any such money received from the deceased member shall go to a capital fund of the state home for repairs, equipment, improvements, or construction.
>
> SDCL 33-18-16:
>
> If a deceased member of the State Veterans' Home leaves a spouse, or other dependent, the member's estate is payable to the spouse, or other dependent.  Upon the death of the spouse or other dependent, the state home shall file a claim against the estate of the deceased spouse or other dependent for any claim against the estate of both the deceased husband and wife as provided in § 33-18-15.  The claim is a preferred claim against the estates.

[¶6.]     The issue here is whether Ernest left an estate payable to his spouse against which the Home could make a claim.  The Home argues that the term "estate" used by the statutes should be broadly construed to include Ernest's jointly-

-3-

owned property and the life insurance proceeds paid to Mildred upon Ernest's death.  In contrast, Personal Representative argues that the use of the word "estate" in the statutes refers only to property that is subject to probate.  Personal Representative contends Ernest's joint tenancy and life insurance proceeds were not subject to probate, and therefore, were not affected by SDCL 33-18-15 and SDCL 33-18-16.

[¶7.]        The Home maintains that Ernest left his "estate" to Mildred.  To support its position, the Home contends that the definition of "estate" incorporates more than the property subject to probate.  The Home relies on the definition of "estate" from the South Dakota Uniform Probate Code.  *See* SDCL 29A-1-201(14).  "Estate" is defined by this statute as "includ[ing] the property of the decedent, trust, or other person whose affairs are subject to this code as originally constituted and as it exists from time to time during administration."  *Id.*  Under this definition, the Home suggests that "all property of the decedent, not just testate or intestate property," is subject to the provisions of SDCL 33-18-15 and SDCL 33-18-16.

[¶8.]        Personal Representative, however, argues that the Home's use of the Probate Code's definition of "estate" is inappropriate because the language of SDCL 29A-1-201(14) limits its definition "to this code," meaning the Probate Code.  On this basis, Personal Representative argues that because probate was not required for Ernest's property, the Probate Code, and its definition of "estate," is inapplicable.

[¶9.]        Even if applicable, the definition of estate in the Probate Code does not create an estate for Ernest under the circumstances.  SDCL 29A-1-201(14) defines

"estate" as "includ[ing] the property of the decedent, trust, or other person whose affairs are subject to this code as originally constituted and as it exists from time to time during administration." The Home asserts the definition of "property" includes "both the real and personal property or any interest therein. . . ." *See* SDCL 29A-1-201(38). These statutes, however, do not suggest that a joint tenancy or life insurance policy is an "interest therein." In fact, any property interest Ernest had in the joint tenancy was extinguished at the moment of his death. *See In re* Estate of Steed, 521 NW2d 675, 682 (SD 1994) ("The death of a joint tenant terminates [his] interest[.] . . .") (quoting Hyland v. Standiford, 253 Iowa 294, 111 NW2d 260, 266 (1961)) (citation omitted). Therefore Ernest could not have passed an "estate" through the Probate Code because his interest in the joint tenancy effectively ceased at the moment of his death. *See* S.D. State Veterans' Home v. Nat'l Bank of S.D., 89 SD 549, 552-53, 235 NW2d 406, 407-08 (1975). The same principle applies to Ernest's life insurance policy. Ernest had no tangible interest in the policy when he was alive, and the policy was not subject to probate; therefore, it was not part of his estate because the benefits were payable to Mildred at his death. *See* Restatement (Third) of Property: *Wills & Other Donative Transfers* § 1.1 cmt b (1999). Thus, even under the Probate Code's definition of estate, Ernest had no estate to probate or make a claim against. Therefore, we affirm the circuit court on this issue.

*Claim Against Mildred's Estate*

[¶10.]     The Home also argues that the circuit court erred in concluding that it could only file a claim against Mildred's estate if she had received property from Ernest's estate. The Home contends that SDCL 33-18-16 only ensured that Mildred

received Ernest's property without "such interests [being] diluted by the claim of the State Veterans' Home." After the death of the inheriting spouse, however, the Home asserts that it may "file a claim against both the member's and the spouse's entire estates."

[¶11.]	SDCL 33-18-16 provides, in relevant part, that "upon the death of the spouse or other dependent, the state home shall file a claim against the estate of the deceased spouse or other dependent for any claim against the estate of both the deceased husband and wife as provided in § 33-18-15." When read in context, this language presupposes that the estate of the deceased member will have passed to a "spouse or other dependent." Because Ernest left no estate, Mildred did not have any of Ernest's estate for the Home to file a claim against. Consequently, we affirm the circuit court on this issue.*

*The Application of SDCL 43-46-2*

[¶12.]	SDCL 43-46-2 provides:

> Unless a settlement is made with the surviving joint owner or owners, a creditor or personal representative of the deceased joint owner may institute an action in any court of competent jurisdiction, within six months after the death of the deceased joint owner, against the surviving joint owner, or owners, setting forth such claim.

The Home argues this statute, as interpreted by the circuit court, would permit it to file an action "against a surviving spouse in the future, regardless of whether the

---

*	The Home acknowledges in its brief that if the term "estate" refers only to property subject to probate, "then the language of SDCL 33-18-16 would restrict the claim of the State Veterans' Home to only such probate property." The Home's recognition of this fact is correct. Consequently, the Home could

(continued . . .)

spouse received probate property of the member." The Home contends this would create a conflict in the procedure to be followed between SDCL 43-46-2, which requires filing a claim within six months after the death of the deceased joint owner, and SDCL 33-18-16, which requires deferring any claims against the decedent until after the death of the decedent's spouse. This argument, however, creates a false dichotomy.

[¶13.] SDCL 33-18-16 provides the procedure for filing a claim if the decedent member of the Home dies with an "estate." Alternatively, SDCL 43-46-2 provides the procedure for making a claim against a joint property owner. Therefore, if the deceased member has an estate, SDCL 33-18-16 would apply. However, if a decedent's jointly owned property was not part of his estate subject to probate, SDCL ch. 43-46 would apply.

[¶14.] These two statutes can be read and interpreted harmoniously. *Moss*, 2008 SD 64, ¶38, 754 NW2d at 638 (citing Lewis & Clark Rural Water Sys. v. Seeba, 2006 SD 7, ¶64, 709 NW2d 824, 841). In *Moss*, we stated, "[w]here statutes appear to conflict, it is our responsibility to give reasonable construction to both, and if possible, to give effect to all provisions under consideration, construing them together to make them harmonious and workable." *Id*. (citations and quotations omitted). The Home missed its opportunity to file a claim within six months as required by SDCL 43-46-2 because it chose to follow the procedure outlined by

_____

(. . . continued)
        not pursue Mildred's estate under SDCL 33-18-16 for the home she owned
        with Ernest in joint tenancy or the life insurance proceeds she received.

SDCL ch. 33-18. Had the Home timely filed a claim under SDCL 43-46-2 against Mildred, it would not have been barred. Under a reasonable construction, these two statutes can be read and applied without conflict. Therefore, the circuit court was correct in concluding that the Home's remedy in this case was found in SDCL 43-46-2.

[¶15.]     Affirmed.

[¶16.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.